BROADEN *v.* THE STATE.    POE *v.* THE STATE.

<div style="float:right">95  481<br>Case 1<br>114  445</div>

SIMMONS, C. J.—1. It is well settled law in this State that the denial of a motion to quash a criminal accusation is no ground for a new trial. In these cases there should have been motions in arrest of judgment, or direct exception to the refusal to quash.

2. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.     *Judgment in each case affirmed.*

December 21, 1894.

Accusation of shooting into a car of a passenger-train. Before Judge WESTMORELAND. Criminal court of Atlanta. November term, 1894.

ROBERT L. RODGERS, for plaintiffs in error.
LEWIS W. THOMAS, solicitor, *contra.*

---

BROWN *v.* THE STATE.

<div style="float:right">95b  481<br>105  632<br><br>95b  481<br>109  137<br><br>95  481<br>Case 2<br>114  78<br>95  481<br>Case 2<br>116  520</div>

ATKINSON, J.—Mere preparation to commit a violent injury upon the person of another, unaccompanied by a physical effort to do so, will not justify a conviction for an assault; and therefore, where the evidence showed that during an altercation between the person alleged to have been assaulted, and two other persons acting in concert, one of the latter picked up a stone but made no attempt to cast it at the former, who was about twenty steps distant, neither of the two persons so acting in concert could be lawfully convicted of an assault.     *Judgment reversed.*

November 12, 1894.

Indictment for assault. Before Judge REESE. Hart superior court. March term, 1894.

Brown was convicted of an assault upon Mrs. Ginn. She testified : Brown and a negro boy Bailey were at work in their field across the public road from my house, which road is the public road leading from Hartwell to Bowman. Bailey and my son Gordon got into a fuss out about the lot. Gordon came in the house, and because of what he told me I went on the veranda and scolded the boys, who were at work over in their field. They

v 95-31

both quit work and started towards where I was. I told them to stop. Brown told Bailey to go ahead, he would see him through. Bailey stooped and picked up something and advanced a few steps towards me. I called my husband who was at work near by, and Bailey stopped. He was on the opposite side of the road from me in the field, and about twenty steps from me when he stopped. Brown was a short distance behind him. Brown did not have anything, did not strike me nor attempt to strike me, did not throw anything at me nor attempt to throw anything at me. Bailey did not strike me nor attempt to strike me, nor throw anything at me nor attempt to do so.

A. G. McCurry, for plaintiff in error.

---

PARKER *v.* THE STATE.

ATKINSON, J.—1. An indictment for assault with intent to murder, which charges that the accused with a pistol, the same being a weapon likely to produce death, assaulted a named person and did then and there shoot and wound that person with the intent to kill and murder him, avers by necessary implication that the pistol was in fact loaded, and the omission to state in terms that it was loaded is not indispensable to the sufficiency of the indictment. Consequently, there was no error in overruling a demurrer to the indictment, on the ground that it did not allege that the pistol was "loaded with powder and leaden balls"; nor in overruling a motion in arrest of judgment, based upon the same ground.
2. Upon the trial of an indictment for assault with intent to murder, alleged to have been committed by shooting another with a pistol, a verdict finding the accused "guilty of shooting another" is not void for uncertainty. Its reasonable intendment and meaning is, that the accused was guilty of the offense of shooting at another, not in his own defense nor under other circumstances of justification.          *Judgment affirmed.*
February 5, 1895.

Indictment for assault to murder. Before Judge FISH. Sumter superior court. November term, 1894.