## JACKSON *v.* THE STATE.

1. In a case in which the accused is charged with the offense of assault with intent to murder, and the evidence on the trial necessarily raises the question as to whether or not there was an *intent* to kill when the assault was made, it was error in the court to refuse to give in charge the following written requests of counsel for the accused: "In order for you to find the defendant guilty, there must have been a specific intent to commit the crime at the time of the act. Neither mere words and threats, nor mere preparations to commit a crime, are sufficient to constitute an attempt. It is essential that there shall be some overt act which will apparently result in the crime, unless interrupted by circumstances independent of the doer's will. Intent is a question of fact and must be inferred from the circumstances of the case; and before you would be authorized to find

27

the defendant guilty, you must believe beyond a reasonable doubt that there was an intent to commit this crime. Mere preparation to commit a crime upon the happening of an event which may or may not occur, and which depends upon an act to be done or not done by the person acted upon, is not an attempt to commit the offense of assault with intent to murder."

2. Where the accused in a felony case waives having the questions on the voir dire propounded to each juror separately and consents that the same be asked them in a body, he does not thereby waive his right, when one of the jurors is put upon him, to object to him for cause.

Argued February 7, — Decided March 1, 1898.

Indictment for assault with intent to murder. Before Judge Reese. Oglethorpe superior court. October term, 1897.

*James Davison*, for plaintiff in error.

*R. H. Lewis*, solicitor-general, by *Harrison & Bryan*, contra.

Cobb, J. Jackson was indicted for the offense of assault with intent to murder. The evidence introduced upon the trial showed that the prosecutor and his three sons went to the house of the accused, which was situated on the prosecutor's land. When the accused was first seen, he was standing holding a gun in his hand. He started to cross the field with the gun across his shoulder, and his wife was with him. The prosecutor followed him about thirty yards. The accused asked the prosecutor where he was going; to which he replied that he was going to keep him in sight. The accused said, "No, you won't; if you follow me, I will kill you." Prosecutor started after him, saying, "I am going to keep in sight of you." The accused replied, "I will stop you," and pointed his gun at prosecutor, and cocked it, when his wife jerked it down, and held it a moment, then turned it loose. The accused made no effort to shoot after his wife turned the gun loose. Prosecutor followed him about a half of an hour, keeping in sight of him. He said he was going to kill the prosecutor. There was nothing to prevent the accused from shooting after his wife turned the gun loose. He told prosecutor he would shoot him if he did not stop following him. Upon this evidence the jury returned a verdict of guilty; and the accused made a motion for a new trial, which was overruled, and he excepted.

1. The theory of the defense was, that the evidence did not

show any intent to kill; that what was proved was at most nothing more than a mere threat to commit a crime. The judge in his charge to the jury did not allude to this theory at all, and refused to give in charge the requests which are set out in the first headnote. Under the facts of this case, where it appeared that the controlling issue raised by the evidence was as to whether or not, at the time of the transaction which is the foundation of the indictment, the conduct of the accused was such as to show that there was an intention on his part to commit an assault upon the prosecutor, with such an intent as would have made the killing murder if the blow had been given and death had ensued, it was the duty of the judge to have charged the jury without a request upon this subject; and it was therefore error for the judge to refuse requests which in appropriate terms embodied the law applicable to the case. That the requests to charge which were refused embodied sound principles of law can not be questioned. *Gallery* v. *State*, 92 *Ga.* 464; Davis *v.* State, 25 Fla. 272, s. c. 5 So. Rep. 803; Clark's Crim. Law, 103, 104; Morgan *v.* State, 33 Ala. 413. That such requests were applicable to the facts of the case will readily appear from the recital above given.

2. The accused waived putting the jurors one at a time on their voir dire, and the statutory questions were asked the entire panel at one time, the court stating to the panel, that if any of the jurors were related either by blood or marriage to the prosecutor, to let that fact be known. The jurors were then called one at a time and put upon the prisoner. Certain of the jurors when thus put upon him were challenged for cause, on the ground that they had served as jurors in another case against the accused in which evidence of the transaction now under consideration was introduced. The court declined to allow this challenge to be made, holding that the accused had waived the right to make such challenge by his consent to have the statutory questions administered to the panel in a body. We think this was error. If the statutory questions had been administered to each individual juror in the manner prescribed by law, it can not be doubted that the accused would have had the right to challenge the juror for cause who had

thus qualified himself; and therefore the consent that the entire panel might be put upon their voir dire at once would not operate as a waiver on the part of the accused to object to any individual juror who might be subject to challenge, notwithstanding his apparent qualification brought about by his answers to the questions on the voir dire.   The waiver of having each juror examined separately, and the consent that the entire panel might be examined at once, went no farther than to make each juror, who answered the statutory questions in such a way as to render him competent, prima facie a qualified juror; but no more deprived the accused of the right to challenge the juror who thus apparently qualified himself than if the statutory questions had been addressed to each individual juror who was to have been put upon him.   The juror, having qualified himself by his answers to the questions on the voir dire, could not be required to disqualify himself; but it was the duty of the court to have heard evidence aliunde as to whether these questions were answered truly, and it was the right of the accused to be heard on this question; for if the juror had heard evidence in another case which related to the transaction that he was now to pass upon, and from the evidence then heard had formed and expressed an opinion as to the guilt of the accused in regard to the transaction now under investigation, he was a disqualified juror and should have been set aside for cause.   It was the right of the accused to have the court as trior pass upon the question as to whether or not he was a qualified juror, as his answers seemed to indicate.   See *Ryder* v. *State*, 100 *Ga.* 528.

*Judgment reversed.   All the Justices concurring.*