## PENNY v. THE STATE.

Not only should the charge requested have been given, but a new trial should have been granted because the verdict was without evidence to support it.

Submitted October 23, — Decided November 6, 1901.

Indictment for assault.    Before Judge Reece.    City court of Floyd county.    September term, 1901.

*John W. Bale,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

LITTLE, J.    Burt Penny was indicted for an assault, and it was charged against him that he did attempt to commit a violent injury upon one J. C. Smalley.    On the trial of the case the following facts were shown: On a certain night in February, 1901, between seven and eight o'clock, three men drove up in a buggy and stopped in front of Smalley's house.    One of these (Penny) got out of the buggy, went to the house, and knocked at the door.    He replied to an inquiry made by one of Smalley's daughters at the door, and who asked him what he wanted : " I want a drink of water, by God."    He was then directed to go away.    About that time Smalley came to the door and told Penny to go away, and on his failure to do so Smalley pushed Penny off the steps and out of the gate.    Penny, after getting outside the gate, was discovered by a witness to have a rock in each hand, and he (Penny) then made the remark :  " You girls get out of the way.    I don't want to hurt you "; adding that the old man was the one he was after, and using, in connection with his reference to Smalley, very indecent and reprehensible language.    Penny did not throw the rocks,

nor did he make any attempt to throw them. No one saw him when he picked them up. The jury, under the charge of the court, returned a verdict of guilty, and the defendant made a motion for a new trial, on the ground that the verdict was contrary to law and without evidence to support·it. The motion being overruled, the defendant excepted. An amendment to the motion alleges further error in the refusal of the judge to direct a verdict of not guilty, and in refusing a written request to charge the following: "A mere preparation to commit a violent injury upon the person of another, or a mere threat to do so, unaccompanied by physical effort to do so, will not justify a conviction for an assault. Mere words or threats, unaccompanied by some physical effort to commit a violent injury upon the person of another, will not justify a conviction for an assault." While we are not prepared to say that a refusal to direct a verdict in a criminal case is under any circumstances erroneous, we are clearly of the opinion that the trial judge erred in refusing to give in charge to the jury the principle of law requested, it being both .sound and applicable to the facts of the case. We are further of opinion that he erred in overruling the motion for a new trial, on the ground that the verdict was without evidence to support it. There was no evidence of any kind or character that the defendant attempted to commit a violent injury on the person of Smalley. The defendant's conduct on that occasion, if the evidence be true, merited punishment, and afforded sufficient ground for his prosecution on another and distinct criminal charge; but we can not, because of that, sanction this verdict. The evidence does not show that Penny struck Smalley,or that he attempted to do so. While he had rocks in his hands, he did not throw' or otherwise attempt to use them on the person of Smalley. Whatever else the defendant may have been guilty of under the evidence, certainly no portion of it shows that he was guilty of an assault. See *Brown v. State*, 95 *Ga.* 481. A new trial should have been granted.

*Judgment reversed. All the Justices concurring.*