## STATE OF MAINE *vs.* GLEASON B. CATES.

## Knox.   Opinion May 24, 1904.

*Indictment.   Pleading.   Larceny*, when it becomes *Embezzlement*, Form of declaring.
*R. S. 1883, c. 128, § 13; 1903, c. 121, § 10.*

When a statute defines an offense and states one or more modes in which it may be committed, and prescribes but one penalty therefor, a single count in an indictment may contain a statement of facts which show that the offense has been committed by all the modes named in the statute.

Although it appears upon the face of the indictment that the acts set forth constituted several modes by which the defendant committed the offense, yet if it also appears that the acts were committed at the same time, were connected and parts of the same transaction, the charge is not subject to the objection of duplicity.

Larceny by one intrusted with property is declared to be embezzlement by R. S. (1903), c. 121, § 10, as follows : —

"Whoever embezzles, or fraudulently converts to his own use, or secretes, with intent to embezzle or fraudulently convert to his own use, moneys goods or property delivered to him, or any part' thereof, which may be the subject of larceny, shall be deemed guilty of larceny, and shall be punished accordingly."

An indictment charged that the defendant "with force and arms took a certain pocket book containing a large sum of money, to wit, the sum of fifty dollars, of the goods and chattels of one A. B. then and there being, did then and there embezzle and fraudulently convert to his own use, and did then and there secrete with intent to embezzle and convert to his own use said pocket book, etc." The statute under which the indictment is found clearly states that embezzlement or secreting with intent to embezzle are but different ways of committing, one and the same offense, which offense is a statutory larceny and to which is attached but one and the same penalty.

The defendant may have committed the offense charged in this statute by one of the modes or both of them. If he secreted with intent to embezzle he would be guilty of the offense charged, and if he executed the intent he would be guilty of no more. The only effect of proving both offenses would be to show circumstances of aggravation.

*Held;* that the indictment is not bad for duplicity.

*Also;* that the indictment sets out every fact required by the statute to con-

stitute the offense charged. It is not necessary that it should allege the offense of larceny, nor specify the value of the pocket book, nor the amount it contained.

Demurrer to an indictment under R. S. (1903), c. 121, § 10, for embezzlement. Demurrer overruled.

The case is stated in the opinion.

*Philip Howard,* County Attorney, for State.

*C. E. and A. S. Littlefield,* for defendant.

SITTING: WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J. This case comes up on demurrer to an indictment the substantial part of which is as follows:

That Gleason B. Cates . . . . with force and arms took a certain pocket book containing a large sum of money, to wit, the sum of fifty dollars, of the goods and chattels of one Augustus H. Ulmer, then and there being, did then and there embezzle and fraudulently convert to his own use, and did then and there secrete with intent to embezzle and convert to his own use said pocket book, etc.

The respondent contends that the indictment sets out two distinct offenses and is therefore bad for duplicity. The claim is that the allegation that the respondent "did embezzle and convert to his own use" sets out one offense, and that the averment "that he did then and there secrete with intent to embezzle and fraudulently convert to his own use," charges another distinct offense. We think the difficulty with the respondent's position is his failure to distinguish between the acts which constitute different modes of committing the offense charged and the offense itself. Neither of the above averments in the indictment sets out any offense at common law. It was not such an offense to embezzle or to secrete with intent to embezzle. "It was the fraudulent breach of duty and trust, which, but for the statute, could not be held to amount to larceny, that the legislature wanted to punish." *State* v. *Walton,* 62 Maine, 111. "The law of embezzlement is statutory. It sprang from attempts to amend the law of larceny and is indeed a sort of statutory larceny." 2 Bish. Crim. Law, § 318. "What persons may be guilty of it and what

property is subject of it cannot be discriminated with precision, except by reference to the statutes of the jurisdiction." Id. § 325.

The statute under which the above indictment is found is as follows: "Whoever embezzles or fraudulently converts to his own use, or secretes with intent to embezzle or convert to his own use, money, goods or property delivered to him, or any part thereof, which may be the subject of larceny, shall be deemed guilty of larceny." The offense charged in this statute, as suggested by Bishop, may be defined as statutory larceny. It is not embezzlement nor secreting with intent to embezzle. These phrases simply describe the modes by which the single act of larceny may be committed, the acts which constitute the offense. The penalty for larceny, by necessary implication, follows the offense. But it should be observed that the acts, whether done together or separately, constitute but one offense, larceny, and are subject to but one and the same penalty. If the statute prescribed that each of the prohibited acts should be punished by the same or different penalties, the defendant's contention would be sound. But, as before observed, neither of these acts, per se, is followed by a penalty, but, when committed, constitute an offense which is. There is a distinction to be noted between the acts which constitute the different modes of committing an offense and the offense itself. This distinction, we think, brings the case at bar within the rule laid down in *State* v. *Willis,* 78 Maine, 73. The court say, "The indictment avers that the defendant was concerned in a lottery by printing, publishing and circulating an advertisement of it; and also in other ways. It is argued that this is ill for duplicity. The argument is based upon a misconception of the design and scope of the law against lotteries. The statute (R. S., c. 128, § 13,) does not establish numerous independent offenses,—it established but one offense. It declares 'every lottery, scheme or device of chance' to be a nuisance. The offense to be alleged and proved is nuisance. The statute particularizes some of the modes in which the offense may be committed, and also declares generally that whoever aids in a lottery or is connected therewith shall be punished. It is but one offense and the same punishment, no matter in what form the guilty participation consists. There are not as many distinct offenses as

there are forms of offense. The indictment describes the means by which the defendant's guilt may be proved."

In the case at bar "the statute does not establish numerous independent offenses." The offense alleged is in effect larceny, and "the statute particularizes the modes in which the offense may be committed," namely, by embezzling or secreting with intent to embezzle, and the same punishment applies "in whatever form the guilty participation consists." There is but one substantive offense charged in the indictment at bar, a qualified larceny. "It was held in *Hinckle* v. *Cone*, 4 Dana, (Ky.) 518, that setting up a gaming table may be an entire offense. Keeping a gaming table and inducing others to bet upon it may also constitute a different offense; for either unconnected with the other an indictment will lie. Yet when both are perpetrated by the same person, at the same time, they constitute but one offense, for which one count is sufficient and for which but one penalty can be inflicted." *State* v. *Burgess*, 40 Maine, 592, and cases cited.

We fail to find any case, when properly distinguished, not in harmony with the above interpretation. The defendant cites *State* v. *Smith*, 61 Maine, 386, as containing a contrary view. But this case is clearly distinguishable. It involved an indictment charging the defendant, in one count, with three criminal offenses, each one of which was subject to a distinct penalty. The court say, "moreover the penalty affixed to each of them is distinct and entire and cannot be apportioned upon two or more of them." But in this same case the court distinctly hold, in commenting upon the claim of the state, that the construction to be given this statute should be analogous to that given to the statute against buying, receiving or aiding in the concealment of stolen goods, that "the two statutes are clearly distinguishable in respect to the question under consideration." "In that case," that is, of the statute relating to stolen goods, "the punishment is the same for one as for all three of the prohibited acts; and though each of the acts were charged separately, in different counts, only one punishment could be inflicted. The several acts mentioned in the statute are but so many modes of describing

one and the same offense, that offense being established by proof of either of the modes."

It seems to us that the reasons for distinguishing the two statutes, above compared, clearly takes the case at bar from the purview of the statute construed, and brings it within the category of the statute distinguished.

In the case at bar the punishment is the same for one as for all of the prohibited acts; if each of the acts was charged separately, in different counts, only one punishment could be inflicted; and the several acts mentioned are but so many modes of describing one and the same offense, statutory larceny.

*State* v. *Haven,* 59 Vt. 399, cited by the defendant, when properly analyzed also sustains the contention of the state. That case was based upon an indictment charging the defendant, in the same count, with signing a false certificate with the intent that it should be issued, and with causing it to be issued and used by another. The court say, p. 405, "Under the statute the act of signing a false certificate with the intent that it shall be issued and used is of itself an offense, and causing it to be issued and used is another and distinct offense." But in this same opinion it is distinctly held, "When a crime may be committed in different ways, in contemplation of law the ways are the same act, so a count charging its commission in all ways is not double." In a case cited in the opinion from which the above is quoted, Redfield, C. J., uses this language: "The objection of duplicity is, at first view rather plausible. But on looking at the subject, the forging, procuring or causing to be forged, are not only the same offense under the statute, but are in legal contemplation the same act." *State* v. *Morton,* 27 Vt. 313.

Under a statute providing "that if any person shall disturb or break the public peace by tumultuous or offensive carriage by threatening, quarreling, challenging, assaulting, beating or striking any other person, he shall be punished by a fine, etc." the court say, "there is, strictly speaking, only one offense mentioned in that section of the statute, and that offense is a breach of the public peace. The statute enumerates modes of breaking and disturbing the public peace, and these modes are subdivisions of the same offense. . . . The pub-

lic peace may be disturbed or broken by one of these modes; it may be disturbed or broken by all of these modes, and yet constitute but one offense." *State* v. *Matthews*, 42 Vt. 542. We think the case at bar comes clearly within these decisions.

The statute under which the indictment is found clearly states that embezzlement, or secreting with intent to embezzle, are but different ways of committing one and the same offense, an offense which "shall be deemed larceny," and to which is attached but one and the same penalty. The defendant may have committed the offense charged in this statute by one of the modes or both of them. If he secreted with intent to embezzle he would be guilty of the offense charged, and if he executed the intent he would be guilty of no more. The only effect of proving both offenses would be to show circumstances of aggravation. When the statute defines an offense and states one or more modes in which it may be committed, and prescribes but one penalty therefor, a single count in an indictment may contain a statement of facts which show that the offense has been committed by all the modes named in the statute. And although it appears upon the face of the indictment that the acts set forth constitute several modes by which the defendant committed the offense, if it also appears that the acts were committed at the same time, were connected and parts of the same transaction, the charge is not subject to the objection of duplicity.

But it is further claimed that if the indictment is not bad for duplicity, it fails to properly allege the offense of larceny. It is not necessary that it should. The offense in itself is not larceny. "More or less of the elements necessary to constitute the crime of larceny, as elsewhere defined, are wanting in each of these cases. But it was clearly competent for the law making power to extend the definition of the offense, so as to include these cognate cases. In order to ascertain whether an indictment can be maintained against an offender of either of these three classes, we must look to see whether it includes allegation of those facts which the legislature have declared essential to constitute the offense which it purports to charge. Beyond these we are not to seek. It is not for the court to require either allegation or proof of that which the legislature have

omitted in their definition of the crime." *State* v. *Walton,* 62 Maine, 108.

The indictment in the case at bar sets out every fact required by the statute to constitute the offense charged. It is not necessary that the indictment should specify the value of the pocket book, nor the amount it contained. The statute does not require it. The question here is, did the defendant receive the pocket book in trust, was it the subject of larceny, and did he embezzle or fraudulently convert it to his own use, or conceal it with intent to embezzle it, or convert it to his own use? The indictment clearly sets forth that he did do these acts, and then brings them within the definition of the statute by averring that the defendant "feloniously did steal, take and carry away, against the peace of the state and contrary to the statutes in such case made and provided."

The demurrer cannot be sustained. As stipulated upon the docket, the defendant may have leave to withdraw his demurrer and plead anew.

*Exceptions overruled.*