# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## OCTOBER TERM, 1918.

---

### 9463. WILBURN v. THE STATE.

Under § 1066 of the Penal Code (1910), an accusation charging that the accused made "an attempt to steal" certain property, and not alleging some overt act done toward the commission of the attempt, is lacking in definiteness and is insufficient.

DECIDED OCTOBER 8, 1918.

Accusation of misdemeanor; from city court of Dublin—Judge Flynt. December 4, 1917.

The accusation alleged that the accused "did . . unlawfully make an attempt to steal one bale of cotton, being the property of a partnership composed of W. T. Smith and E. T. Andrews, name of firm, Smith and Andrews, warehouse number 7783, weight 415 pounds, being lint cotton, and baled with bagging and ties of the value of $80.00." The defendant demurred as follows: "1st. Because said accusation charges this defendant with no crime against the laws of this State. 2d. Because the acts alleged to have been done by the defendant are not such overt acts as to make out the offense that he is charged with, to wit an attempt to commit a felony, or to steal baled cotton. Defendant demurs specially to said accusation because it does not put defendant on notice of what overt acts he did in the commission of an attempt to steal baled cotton, set out in the accusation."

W. A. Dampier, for plaintiff in error.

S. P. New, solicitor, contra.

BLOODWORTH, J. Under section 1066 of the Penal Code (1910), an indictment is insufficient and lacking in definiteness which charges that the defendant "did then and there make an attempt

to steal" certain property, and does not allege some overt act which the defendant did toward the commission of such attempt. The section referred to provides that "If any person shall attempt to' commit a crime *and* in·such attempt *shall do any act* toward the commission of such crime," etc. (Italics ours.) The conjunction "and" makes the doing of the act an essential and requisite part of the crime. An attempt to commit a crime is as much a violation of the law of our State as is any other statutory offense. The rules of law as to certainty and definiteness of pleadings in indictments apply to this offense with the same strictness as to other statutory crimes. The pleadings must be sufficiently definite not only to prevent the defendant from being put in jeopardy the second time, but also to put him on notice of what he is charged with having done. In the instant case the accusation gives the defendant no notice of what he is charged with having done in making the attempt. The accusation seeks to charge him with an attempt to steal, and yet it contains no allegation whatever·of the way in which the attempt was made. "Indictments for attempts to commit a crime must aver the intent and the overt act constituting the attempt." Hogan *v.* State, 50 Fla. 86 (39 So. 464, 7 Ann. Cas. 139). And see State *v.* Doran, 99 Me. 329·(58 Atl. 238, 105 Am. St. R. 278) ; Thompson *v.* People, 96 Ill. 158; State *v.* Wilson, 30 Conn. 500; State *v.* Frazier, 53 Kan. 87 (36 Pac. 58, 42 Am. St. R. 274) ; State *v.* Colvin, 90 N. C. 719. In the headnotes of the case of United States *v.* Ford, 34 Fed. 26, it is said: "An indictment charging, in the·exact words of Rev. St. U. S. § 3177, that defendant 'did forcibly attempt to rescue' property seized by a revenue collector, does not state with sufficient certainty what acts were done by defendant that constituted the attempt charged. A conviction on such indictment, although fully warranted by the evidence, will be arrested on motion, the want of certainty not being waived by failure to demur." A fair illustration of a proper allegation in an indictment under this section of the Penal Code is found in the case of *Weaver* v. *State,* 116 *Ga.* 550 (42 S. E. 745), wherein "John J. Weaver was indicted for the offense of 'attempt to commit arson,' the allegation in the indictment being that the said Weaver did attempt wilfully and maliciously to burn the home of Mrs. G. Bevill, and did do a certain act towards the commission of said crime, to wit, by putting kerosene oil on said house," etc.

In *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598), it was said: "In order to constitute the offense of attempt to commit a crime, the accused must do some act towards its commission." See cases there cited.

As the proof must show that some act was done toward the commission of the attempt, it is necessary that the act constituting the attempt be alleged. This is necessary in order that the court may determine whether the indictment really shows an "attempt" or merely preparation to commit the crime. "If the facts charged in the indictment to have been done amount to an attempt, the offense of attempt to commit the crime is sufficiently charged." *Griffin* v. *State,* 26 *Ga.* 493, 946. There are numerous decisions to the effect that mere preparation, without doing an overt act, does not constitute an attempt. "Between the preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement towards the commission after the preparations are made." People *v.* Murray, 14 Cal. 159; *Jackson* v. *State,* 103 *Ga.* 417 (30 S. E. 251); *Brown* v. *State,* 95 *Ga.* 481 (20 S. E. 495); *Moss* v. *State,* 6 *Ga. App.* 524 (65 S. E. 300). "An attempt to commit a crime is an *act done* with intent to commit that crime, and tending to, but falling short of, its commission." Clark's Criminal Law (2d ed.), 126. "An attempt to commit crime is an *act done* with intent to commit it, beyond mere preparation, but falling short of its actual commission." 12 Cyc. 177.

In the case of *Griffin* v. *State,* supra, the same question is raised as in the instant case, and while the act constituting the attempt was, in the opinion of the writer, rather in the nature of preparation, still the indictment does allege two acts which the accused did in making the attempt, and the Supreme Court in its opinion in that case recognized the fact that the indictment must allege some act. In the opinion Judge McDonald said: "The object of the act under which the plaintiff in error is indicted is to punish intents to commit crime, if they are demonstrated by an act,—for it declares that if a person shall attempt to commit a crime, and in such attempt shall do any act towards the commission of such offense, etc. The accused, according to the bill of indictment, conceived the purpose of perpetrating the offense, and he did an act

towards the commission of it, for it was an act to take the impression of the ˙key, and that alone is sufficient to subject him to the law; but he prepared the key, and for the object, and so the indictment alleges." In the case of *Alsobrook* v. *State,* 126 *Ga.* 100 (54 S. E. 805), the Supreme·Court, in passing upon another question, said that the indictment properly construed charged "an attempt to commit the offense defined in the Penal Code." The indictment, a proper construction of which charged an attempt to commit the crime, alleged the following acts: "that he did . . attempt to obstruct a railroad track . . ; the said Watson Alsobrook then and there seeking out and procuring a railroad cross-tie and carrying the same to said railroad track with the intent," etc..

From the above it is apparent that the trial judge erred in overruling the demurrer to the indictment, and that the judgment must be          *Reversed. Broyles, P. J., and Harwell, J., concur.*