23414.  HAMMOND *v.* THE STATE.

GUERRY, J.  1. "Mere preparatory acts for the commission of a crime, and not proximately leading to its consummation, do not constitute an attempt to commit the crime." *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598). "An attempt to commit a crime is an act done

with intent to commit that crime, and tending to, but falling short of its commission." Clark on Criminal Law (2d ed.), 126, cited approvingly in *Groves* v. *State*, supra, *Leary* v. *State*, 13 *Ga. App.* 626 (79 S. E. 584); *Wilburn* v. *State*, 22 *Ga. App.* 613 (97 S. E. 87); *Leverett* v. *State*, 20 *Ga. App.* 748 (93 S. E. 232); *Coffee* v. *State*, 39 *Ga. App.* 664 (148 S. E. 303). However, acts which go towards the final commission of a crime and are carried beyond mere preparation, although falling short of the ultimate design, do constitute an attempt to commit the crime. *Cook* v. *State*, 41 *Ga. App.* 313 (153 S. E. 201). Accordingly, where the sheriff testified that he saw two persons at a still site, one of which was the defendant, and that the defendant was bringing wood to a fire where they were heating stones and dropping them in barrels of beer that were close by, in order to make the beer ferment faster, and there was no evidence that the beer already there was intoxicating, such testimony was sufficient to authorize the jury to find the defendant guilty of attempting to manufacture liquor. *Pierce* v. *State*, 40 *Ga. App.* 227 (149 S. E. 160).

2. The two special grounds of the defendant's motion for a new trial are controlled by the above headnote.

3. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 4, 1933.

*C. D. Rivers,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

