## 28278. ORR *v.* THE STATE.

DECIDED JULY 1, 1940.

*Alton G. Liles,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.

GARDNER, J. Officers raided a distillery not in operation, and found several gallons of beer ready to run. This being immediately after a heavy rain, they trailed two sets of tracks from the still to the house of one Shackleford about four hundred yards distant, and found *visiting* there the defendant Orr and a companion, jointly

indicted, with red mud on their clothes similar to that with which the foundation of the still had been constructed. The defendant claimed that the mud had got on their clothes up the road where their car had broken down. The officer admitted that it could have got on their clothes from walking in the muddy roads, and that "there was nothing on their clothes to indicate that they had been working at a still." The officers did not know who owned the still, or the land on which it was located, or whether the defendant had any control of the land by tenancy or otherwise, or who had made the tracks. They had watched during the rain, and had seen no one go to or from the still.

The defendant was indicted and convicted, on the above evidence, of an attempt to manufacture whisky. He moved for a new trial, which the court denied. To this denial the defendant excepted on the general grounds.

The evidence is wholly circumstantial, and does not exclude every reasonable hypothesis save that of the guilt of the accused. Code, § 38-109. Conceding that the testimony as to the tracks in the instant case (though weaker than that held *insufficient* to convict in *McDaniel* v. *State,* 53 *Ga.* 253, and *Pyant* v. *State,* 46 *Ga. App.* 490, 493, 167 S. E. 922) was sufficient to indicate the presence of the defendant at the still recently before the raid, the evidence is wholly lacking as to any acts on the part of the defendant constituting an attempt to make whisky. See *Hammond* v. *State,* 47 *Ga. App.* 795 (171 S. E. 559). More than presence is necessary. In *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755), it was said: "In order to constitute the offense of attempt to commit a crime, the accused must do some act towards its *commission."* See *Wilburn* v. *State,* 22 *Ga. App.* 613, 615 (97 S. E. 87). Even though it be conceded that the evidence disclosed the presence of the defendant at the still, it fails to show any acts whatever constituting an attempt to manufacture whisky.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*