### 30228. GREEN *v.* THE STATE.

DECIDED NOVEMBER 4, 1943.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*Oscar L. Long, solicitor,* contra.

BROYLES, C. J. The defendant was convicted of an attempt to commit bestiality. His motion for a new trial, embracing the general grounds only, was overruled, and he excepted to that judgment. "The word 'attempt' is more comprehensive than the word 'intent,' implying both the purpose and an actual effort to carry that purpose into execution. 2. Bishop's New Crim. Pro. (4th ed.) § 80, subsec. 4." *Smith* v. *State,* 126 *Ga.* 544, 546 (55 S. E. 475). "If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime,

but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall . . be punished as follows: . ." Code, § 27-2507. "An attempt to commit a crime is an act done with intent to commit it, beyond mere preparation, but falling short of its actual commission." 12 Cyc. 177; *Cook* v. *State,* 41 *Ga. App.* 313 (153 S. E. 201). In the instant case, the undisputed evidence, including evidence of incriminatory statements made by the accused, amply authorized the judge, sitting as a jury, to find an intent on the part of the defendant to commit the offense of bestiality. Furthermore, the evidence, direct and circumstantial, authorized a further finding that the acts of the accused were not mere preparatory acts, but were a combination of preparatory and overt acts, and that the defendant was prevented from committing the offense of bestiality and frightened away from the scene of the crime by the nearby appearance of a third party. The cases cited in behalf of the accused are distinguishable by their particular facts from this case.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*