## 31100.   SLATER *v.* THE STATE.

DECIDED DECEMBER 5, 1945.

288

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews, solicitor, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J.   We have set out the evidence somewhat in detail. We do this for the reason that the only contention on behalf of the defendant is that the evidence does not authorize the verdict of attempt to rob.   Several cases are cited by counsel for the defendant to sustain this contention.   The State likewise cites a number of cases to sustain the contrary view that the evidence is sufficient to sustain the verdict.   Hence, the question before us for decision is

not so much what the law is, but whether the facts above related should cast our decision for a reversal or for an affirmance of the judgment. We shall not enter into any detailed discussion of the cases cited by either side. We shall only cite the cases here and let those who are interested make their own comparisons. The cases cited for the defendant are: *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598); *Wilburn* v. *State,* 22 *Ga. App.* 613 (97 S. E. 87); *Thompson* v. *State,* 52 *Ga. App.* 355 (183 S. E. 214); *Orr* v. *State,* 62 *Ga. App.* 774 (9 S. E. 2d, 917); *Burton* v. *State,* 109 *Ga.* 134 (34 S. E. 286); *Brown* v. *State,* 95 *Ga.* 481 (20 S. E. 495). As we view the facts in the cases cited in comparison with the facts in the instant case, and apply the law which is applicable to the facts in the cases cited as well as the instant case, we conclude that the contentions of the defendant are not tenable.

The State cites the Code, §§ 27-2303, 27-2507; *Foster* v. *State,* 70 *Ga. App.* 305 (28 S. E. 2d, 81); *Green* v. *State,* 70 *Ga. App.* 103 (27 S. E. 2d, 567); *Alexander* v. *State,* 66 *Ga. App.* 708 (19 S. E. 2d, 353); *Hammond* v. *State,* 47 *Ga. App.* 795 (171 S. E. 559); *DeKrasner* v. *State,* 54 *Ga. App.* 41 (187 S. E. 402); *Long* v. *State,* 12 *Ga.* 293.

In addition, a number of foreign decisions have been called to our attention, which we will not here note. Briefly, it is the contention of counsel for the defendant that the evidence at best discloses, if anything, only preparation to commit a crime, and that it nowhere evidences an overt act toward the offense of attempt to rob. With this view we can not agree. As we see it, the record is replete with overt acts, from which the jury were well authorized to find that the defendant intended to take the prosecutor's car by intimidation at least, and if need be perhaps by actual force.

We think that the jury were authorized: (a) to find that Smith was compelled by the remarks and the conduct of the defendant to drive Smith's car toward a convenient place where the defendant could take it; (b) that he was intercepted and prevented by Smith from carrying this intention into effect; (c) that the defendant expressed this as his purpose, notwithstanding that he stated that he would return the car unharmed; (d) that the defendant's contention that he knew nothing about what happened was a ruse and an afterthought, for (1) the officer said he was normal; (2) and shortly after being placed under arrest he remembered to have his

wife called. In our view, to reverse this case would be but a judicial license for any person to clothe himself with inebriety, either feigned or real, and, with the pretense of a weapon, intimidate an automobile operator to take him in the owner's car, and to compel the operator while thus intimidated to drive the car at the criminal's bidding. Under the evidence in this case, the law does not sanction such. Voluntary drunkenness does not excuse the defendant. He was not too drunk to flee when intercepted and apprehended. The jury were further authorized to infer from the evidence that the defendant could have, in his flight, disposed of a pistol, if he had one; and further that he was not struck by any officer and was not taken to the hospital. The fact that he was struck and the fact that he was carried to the hospital, if true, could have been easily established by the defendant, if material to the case. He introduced, as his own witness, the detective who received him from the custody of the arresting officer, and this detective presumably delivered him to those in charge of the police barracks.

The evidence is fully sufficient to sustain the jury's finding.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*