## 31654. ANDERSON *v.* THE STATE.

DECIDED SEPTEMBER 11, 1947.

*Jesse J. Gainey,* for plaintiff in error.

*Steve M. Watkins, Solicitor,* contra.

TOWNSEND, J. The defendant insists that the evidence fails to show that the defendant made an attempt to commit sodomy.

" 'The word "attempt" is more comprehensive than the word "intent," implying both the purpose and an actual effort to carry that purpose into execution. 2 Bishop's New Crim. Proc. (4th ed.) § 80, subsec. 4.' *Smith* v. *State,* 126 *Ga.* 544, 546 (55 S. E. 475). 'If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall . . be punished as follows: . .' Code, § 27-2507. 'An attempt to commit a crime is an act done with intent to commit it, beyond mere preparation, but falling short of its actual commission.' 12 Cyc. 177; *Cook* v. *State,* 41 *Ga. App.* 313 (153 S. E. 201)." *Green* v. *State,* 70 *Ga. App.* 103 (27 S. E. 2d, 567).

In the instant case, the prosecutrix testified that the defendant, after having enticed her to go into the country on the false pretense of taking her home and turning off of the road, expressly stated his intention to commit sodomy then and there, and in his attempt to do so did the following acts: He told the prosecutrix he wanted her "to take his privates in my mouth. I would not do that. I was sick and have been sick for a long time. He got out of the car and came around on my side and took me out. He said for me to take his privates in my mouth. I would not do that and he beat me. He beat me with his fists. After he had said for me to take his privates in my mouth and I wouldn't, he beat me two

or three times with his fists. After he beat me I do not remember much because he beat me unconscious."

Thus, the jury were authorized to find that the defendant failed in the perpetration of the commission of the crime of sodomy because the prosecutrix refused to take his private parts in her mouth when ordered by him so to do, and that the acts of the defendant in taking the prosecutrix out of the car and beating her were acts done in pursuance of his intent to commit sodomy, and directly tending to the commission of the crime.

The cases cited in the brief of plaintiff in error are clearly distinguishable by their particular facts from the instant case.

The evidence authorized the verdict, and the trial judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*