(See *Logan* v. *Hillegrass et al.* October Term, 1860.)

---

## THE PEOPLE *v.* MURRAY.

UPON a trial on an indictment for an attempt to contract an incestuous marriage, something more must be shown than mere intention to contract such marriage.  Preparation for the attempt indicates the intention, but between this and the attempt itself there is a wide difference.

The attempt contemplated by the statute, must be manifested by acts which would end in the consummation of the particular offense, but for the intervention of circumstances independent of the will of the party.

APPEAL from the Court of Sessions, Trinity County.

Indictment for an attempt to contract an incestuous marriage.  Defendant was tried, convicted, and sentenced to the State Prison for one year.  He appeals.

*J. Neely Johnson,* for Appellant.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and BALDWIN, J. concurring.

The evidence in this case entirely fails to sustain the charge against the defendant of an attempt to contract an incestuous marriage with his niece.  It only discloses declarations of his determination to contract the marriage, his elopement with the niece for that avowed purpose, and his request to one of the witnesses to go for a magistrate to perform the ceremony.  It shows very clearly the intention of the defendant, but something more than mere intention is necessary to constitute the offense charged.  Between preparation for the attempt and the attempt itself, there is a wide difference.  The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made.  To illustrate: a party may purchase and load a gun, with the declared in-

tention to shoot his neighbor; but until some movement is made to use the weapon upon the person of his intended victim, there is only preparation, and not an attempt. For the preparation, he may be held to keep the peace; but he is not chargeable with any attempt to kill. So in the present case, the declarations, and elopement, and request for a magistrate, were preparatory to the marriage; but until the officer was engaged, and the parties stood before him, ready to take the vows appropriate to the contract of marriage, it cannot be said, in strictness, that the attempt was made. The attempt contemplated by the statute must be manifested by acts which would end in the consummation of the particular offense, but for the intervention of circumstances independent of the will of the party.

Judgment reversed and cause remanded.