### 1674. Moss *v.* The State.

Russell, J. The court erred in overruling the demurrer to the indictment. "Mere preparatory acts for the commission of a crime, and not proximately leading to its consummation, do not constitute an attempt to commit the crime." The present case is controlled by the ruling of the Su-

preme Court in *Groves* v. *State*, 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A.
· 598).                                                *Judgment reversed.*

Indictment for misdemeanor, from Bartow superior court—
Judge Fite. January 18, 1909.

Argued March 9,—Decided July 31, 1909.

The indictment charged D. P. Moss with being guilty of an at-
tempt to sell spirituous and intoxicating liquor, by having in his
possession, custody, and control four barrels of whisky, which he
was hauling in a wagon, for the purpose of illegal sale, from Cass
Station in Bartow county to a "blind tiger," a place called Poplar
Pit, in Cherokee county, where the whisky was to be illegally sold
by H. P. Henry, who was in charge of and running·the "blind
tiger," and who had hired Moss to haul the whisky for the purpose
aforesaid, Moss knowing the facts and the purpose just stated;
and while so having and hauling the whisky, Moss was arrested
and the whisky levied on by the arresting officer, and the sale of
it was thereby prevented.

Before arraignment and plea the accused filed a demurrer to the
indictment, and for grounds of demurrer said: (1) "There is no
offense against the laws of Georgia in Bartow county set out in
said indictment; if the defendant attempted to commit a crime
that could only be consummated in Cherokee county, the superior
court of Bartow county would have no jurisdiction of it." (2)
"The indictment charges the defendant with the offense of mis-
demeanor, whereas the section under which it was framed provided
a punishment for an attempt to commit an offense; a person guilty
of committing the offense of selling whisky would be guilty of a
misdemeanor, whereas a party who is not indicted for the offense,
but for the attempt to commit it, is not guilty of a misdemeanor,
but of an attempt to commit the misdemeanor, although he is
punished as for a misdemeanor." (3) "The indictment does not
set out any act done towards the commission in Bartow county of
the offense of illegally selling whisky, and the superior court
Cherokee county would alone have jurisdiction of the attempt to
sell whisky in Cherokee county." (4) "The superior court of
Bartow county could not convict defendant of anything he did
or was responsible for in Cherokee county. Defendant specially
demurs to anything set out in indictment in reference to H. P.
Henry or the illegal sale by him of whisky in Cherokee county..

Defendant demurs to so much of indictment as charges defendant with hauling whisky from Bartow county to Cherokee county, as it is irrelevant, unnecessary, and unfair to him." The demurrer was overruled, and the accused excepted.

*George F. Gober,* for plaintiff in error.

*Thomas C. Milner, solicitor-general, George W. Stevens,* contra.