## 8877. LEVERETT v. THE STATE.

WADE, C. J.   1.   Acts merely preparatory for the commission of a crime, and not proximately leading to its consummation, do not constitute an attempt to commit the crime. *Groves* v. *State*, 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598). "Attempt" is more comprehensive than "intent," and implies both the purpose and an actual effort to carry the purpose into execution (*Smith* v. *State*, 126 *Ga.* 544, 546, 55 S. E. 475), and, in general, to constitute an attempt, there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. *Groves* v. *State*, supra. The evidence in this case clearly showed acts "proximately leading" to the consummation of the crime of manufacturing liquor, charged in the indictment. The cases of *Groves* v. *State*, supra, *Moss* v. *State*, 6 *Ga. App.* 524 (65 S. E. 300), and *Leary* v. *State*, 13 *Ga. App.* 626 (79 S. E. 584), are not precisely in point, and are clearly not in conflict with this ruling.

(a)   An instruction by the court authorizing the jury to find the accused guilty of an attempt to commit the crime of manufacturing alcoholic, spirituous, malt, and intoxicating liquors was proper.

(b)   There was some testimony tending to show that the crime had been not only attempted but consummated; but despite the inhibition of the Penal Code against a conviction of an attempt to commit an offense when it shall appear that the offense attempted was actually perpetrated by the defendant in pursuance of such attempt (Penal Code of 1910, § 19), and notwithstanding the evidence that a considerable quantity of whisky was found near the still which the accused was apparently attempting to operate, the jury were not compelled to conclude that he had assisted in the manufacture of the *completed* product, but were authorized to find that he was then attempting to manufacture intoxicants; and they may have entertained a reasonable doubt that he had been interested in the manufacture of the completed product discovered, or may have believed that he had but recently connected himself with the illicit enterprise and was attempting for the first time and with all the necessary equipment to engage in the manufacture of intoxicants.

2.   Under the facts of this case, and taking into consideration all the admissions made by another defendant (charged with the commission of the same misdemeanors) in the presence of the defendant whose trial is now under review, at the time they were both arrested and when both were present, the refusal of the court to exclude the testimony complained of will not require a reversal.

3.   In the light of the entire charge of the court, there is no substantial merit in the exceptions to instructions not dealt with above, the evidence supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED AUGUST 3, 1917.

Indictment for manufacture of liquor—conviction of attempt to

manufacture liquor; from Jasper superior court—Judge Park. May 7, 1917.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.