## 9950. SMITH v. THE STATE.

BROYLES, P. J. 1. The defendant was charged with manufacturing whisky in 1916 (which offense was then a misdemeanor), and was convicted of an attempt to manufacture the same. The question of law raised by the 4th, 6th, 8th, and 9th grounds of the motion for a new trial was decided adversely to the contentions of the plaintiff in error, in *Leverett* v. *State,* 20 *Ga. App.* 748 (93 S. E. 232), upon a state of facts substantially identical with those sub judice, and growing out of the same transaction.

2. The excerpt from the charge of the court, complained of in the 5th ground of the motion for a new trial, upon the subject of principals in the first and second degrees, was not technically accurate, since all persons aiding and abetting in the commission of a misdemeanor are principals, and in misdemeanors there are no principals in the "first" or "second" degree. Under the facts of the case, however, this inaccuracy affords no cause for a new trial.

3. In the absence of a timely written request, the trial judge, in his charge to the jury, did not err in not describing or defining "the nature and character of the acts essential and necessary for this movant to commit in order to render him guilty of an attempt to manufacture whisky illegally, as distinguished from the nature and character of those acts which were merely preparatory, and would not authorize the jury to find the movant guilty of any offense."

4. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED JANUARY 9, 1919.

Indictment for misdemeanor; from Jasper superior court—Judge Park. June 14, 1918.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor-general, R. B. Russell,* contra.