### 14892.   FORSTER *v.* LEVY.

STEPHENS, J.   1. Where a seller of merchandise delivered to the purchaser had had his attention called by the purchaser to the fact that the shipment contained a number of articles which the purchaser had not contracted for, and had requested the purchaser not to return the articles but to give the seller detailed information respecting them, and stated that he would promptly advise the purchaser what to do with the articles, and where the seller afterwards stated to the purchaser that payment for the goods not ordered would not be expected of the purchaser, and where the purchaser afterwards tendered to the seller a remittance, accompanied with a statement to the seller that the goods which the purchaser had not ordered were in the purchaser's possession and were being held by him awaiting the seller's shipping instructions, although the purchaser had in the meantime intended to resell and thereby accept the merchandise not ordered, which intention was communicated to the seller, but had never in fact been put into effect, no inference arises that the merchandise not ordered had been accepted by the purchaser.

2. A mere intention on the part of a person to purchase goods which he had not contracted for, but which a prospective seller had placed in his possession for the purpose of acceptance, is not alone, in the absence of any overt act of acceptance, sufficient to authorize the inference of an acceptance.

3. In a suit by the seller against the purchaser, to recover for the articles not contracted for, where the undisputed evidence established the above state of facts, a finding in behalf of the plaintiff was without evidence to support it.

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 13, 1924.

Complaint; from Fulton superior court—Judge Humphries. June 20, 1923.

*Dorsey, Brewster, Howell & Heyman, W. P. Bloodworth,* for plaintiff in error.

*Slaton & Hopkins,* contra.