THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES RIZZO, Appellant, Impleaded with ANTHONY J. DORIO and Others, Defendants.

First Department, June 24, 1927.

**Crimes — attempted robbery, first degree — appellant and other defendants proceeded to place where they expected to find payroll clerk — before robbery could be committed police arrested all of defendants — attempt to rob is established.**

The appellant and the other defendants have been convicted of attempted robbery in the first degree. The evidence establishes the commission of the crime, since it appears that all of the defendants planned to rob a payroll clerk of a corporation; that on the day following, they proceeded in an automobile to the place where they expected to find the payroll clerk; that two of the defendants were armed and that the only reason why the crime was not committed was that they did not locate the payroll clerk before detectives who were following them arrested them on a charge of attempted robbery.

PROSKAUER and McAVOY, JJ., dissent, with opinion.

APPEAL by the defendant, Charles Rizzo, from a judgment of the County Court of the county of Bronx, rendered on the 17th day of February, 1927, convicting him of the crime of an attempt to commit robbery in the first degree.

*Mark Eisner* of counsel [*James F. Donnelly* and *Merwin Lewis* with him on the brief; *John J. DePasquale,* attorney], for the appellant.

*George B. DeLuca* of counsel [*I. J. P. Alderman* and *Herman J. Fliederblum* with him on the brief; *John E. McGeehan, District Attorney*], for the respondent.

MARTIN, J. The defendant was indicted with three others on two separate counts, for the crime of attempted robbery in the first degree and attempted grand larceny in the first degree, committed on January 14, 1927.

The case was submitted to the jury on the first count, the other

23

having been dismissed on motion of the defendants at the close of the entire case.

The evidence, part of which was a confession by the defendant, established that on January 14, 1927, as the result of an agreement entered into the night before at the home of one of the defendants, the appellant Charles Rizzo and his three codefendants proceeded with their plan to rob one Charles Rao, connected with the United Lathing Company at One Hundred and Eightieth street and Morris Park avenue, county of Bronx; and that this attempt failed because detectives who, having previously observed the four defendants in an automobile, followed and eventually arrested them.

When arrested at the place where it was intended to hold up Rao, but before he had been located, the defendants Milo and Thomasello each was carrying a loaded revolver.

The four were tried together and convicted of attempted robbery in the first degree.

The question here presented is whether there was sufficient proof of an attempt to commit a crime. Every effort was made to find the man with the payroll. The only reason the crime was not committed was that he had not yet been found. Though arrested before they accomplished their purpose, the defendants had left nothing undone in pursuing the plan to rob their intended victim. After weapons have been obtained, overt acts have been committed, and the victim sought at the place where he is expected and it is intended to rob him, it is too late to contend that there has been no attempt to commit a crime.

This is not a case where repentance led to abandonment of the criminal purpose before any act was done in furtherance of the scheme or plan to commit the crime. This appellant intended at all times to complete and was actually in the process of completing the crime by robbing his victim, and thus accomplishing his purpose.

In *People v. Moran* (123 N. Y. 254), the court, in passing on a similar case, said (at pp. 256–259): " The claim of the defendant is that the evidence did not show that the woman had any property in her pocket, which could be the subject of larceny, and that an attempt to commit that crime could not be predicated on a condition which rendered its commission impossible. We are of the opinion that the evidence was sufficient to authorize the jury to find the accused guilty of the offense charged. It was plainly inferrible from it that an intent to commit larceny from the person existed, and that the defendant did an act tending to effect its commission, although the effort failed. The language of the statute seems to us too plain to admit of doubt, and was intended

to reach cases where an intent to commit a crime and an effort to perpetrate it, although ineffectual, co-existed. Whenever the *animo furandi* exists, followed by acts apparently affording a prospect of success and tending to render the commission of the crime effectual, the accused brings himself within the letter and intent of the statute. To constitute the · crime charged there must be a person from whom the property may be taken; an intent to take it against the will of the owner; and some act performed tending to accomplish it, and when these things concur, the crime has, we think, been committed whether property could, in fact, have been stolen or not. In such cases the accused has done his utmost to effect the commission of the crime, but fails to accomplish it for some cause not previously apparent to him. The question whether an attempt to commit a crime has been made, is determinable solely by the condition of the actor's mind and his conduct in the attempted consummation of his design. (*People* v. *Lawton*, 56 Barb. 126; *McDermott* v. *People*, 5 Park. Cr. R. 104; *Mackesey* v. *People*, 6 id. 114; Am. & Eng. Law Encyclopedia, tit. ' Attempt.') So far as the thief is concerned, the felonious design and action are then just as complete as though the crime could have been, or, in fact, had been committed, and the punishment of such offender is just as essential to the protection of the public, as of one whose designs have been successful. In the language of Bouvier's Law Dictionary, an attempt is an endeavor to do an act carried beyond mere preparation; but falling short of execution. Some conflict has been observed in English authorities on this subject, and it may be conceded that the weight of authority in that country is in favor of the proposition that a person cannot be convicted of an attempt to steal from the pocket, without proof that there was something in the pocket to steal. (*Reg.* v. *M'Pherson*, ·D. & B. C. C. 197; *Reg.* v. *Collins*, L. & C. 471.) The cases in England, however, are not uniform on this subject, and the principle involved in the cases above cited was, we think, otherwise stated in *Reg.* v. *Goodall* (2 Cox C. C. 41), where an attempt to commit a miscarriage was held to have been perpetrated on the body of a woman who was not at the time pregnant. (*Reg.* v. *Goodchild*, 2 C. & K. 293.)

" In this country, however, the courts  *  *  *  have adopted the more logical and rational rule, that an attempt to commit a crime may be effectual, although, for some reason undiscoverable by the intending perpetrator, the crime, under existing circumstances, may be incapable of accomplishment.  *  *  *

" It was well stated by Justice GRAY, in *Commonwealth* v. *Jacobs* (9 Allen, 274), that ' whenever the law makes one step towards the accomplishment of an unlawful object, with the intent or purpose

of accomplishing it criminally, a person taking that step, with that intent or purpose, and himself capable of doing every act on his part to accomplish that object, cannot protect himself from responsibility by showing that, by reason of some fact unknown to him at the time of his criminal attempt, it could not be fully carried into effect in the particular instance.' '

In *People* v. *Sullivan* (173 N. Y. 122) the court said: " If one with intent to shoot another should procure a pistol for that purpose, that alone might not amount to an attempt to shoot him. It may be that if, after procuring the pistol he took a conveyance to the residence of his intended victim, still that would not constitute an attempt. But if after this with his design unchanged he approaches the person he intends to shoot but is seized before he can draw the pistol, I think he is properly punished as having attempted to commit the crime. Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense unless interrupted and nothing but such interruption prevents his present commission of the offense, at least then he is guilty of an attempt to commit the offense, whatever may be the rule as to his conduct before it reached that stage."

The trial of a criminal case should be a search for the truth, not a contest over technicalities. Here the defendant did everything in his power to successfully carry out the robbery. He failed only because of the alertness of the detectives who prevented its perpetration and saved the proposed victim.

The judgment of conviction should be affirmed.

FINCH and MERRELL, JJ., concur; PROSKAUER and McAVOY, JJ., dissent.

PROSKAUER, J. (dissenting). The defendant and his associates planned to rob a corporation of money for a payroll by attack on its servant, Charles Rao. They armed themselves, went to the general neighborhood where Rao was expected, made inquiries as to his whereabouts and were arrested before they located him. The defendant has been convicted of attempted robbery. His conduct, in my opinion, constituted merely preparation. As is said by FIELD, Ch. J., in *People* v. *Murray* (14 Cal. 159): " The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made."

The opinions of Chief Justice HOLMES in *Commonwealth* v. *Peaslee* (177 Mass. 267) and *Commonwealth* v. *Kennedy* (170 id. 18) enforce this distinction. It is sharply made in *People* v. *Sullivan* (173

N. Y. 122, 135). The authorities on this question listed by Professor Beale in 16 Harvard Law Review, 503, include no case involving a crime of violence or the element of assault or burglary which held that a defendant's conduct constituted an attempt where the defendant had not come into the presence of the person to be attacked or the premises to be entered in the commission of the crime.

It is not even clear on this proof whether the defendant intended to rob Rao or his coservant Previti. The conspirators were merely casting about endeavoring to determine the person on whom to focus their attack and to locate him. There was no inception of the actual commission of the crime.

The judgment should, therefore, be reversed and the prisoner discharged.

McAvoy, J., concurs.

Judgment affirmed.