### 18500.   FOSTER *v.* THE STATE.

A conviction of an attempt to manufacture intoxicating liquor was not authorized by the evidence.

DECIDED DECEMBER 13, 1927.

Attempt to make intoxicating liquor; from Chattooga superior court—Judge Maddox.   September 19, 1927.

*John D. & E. S. Taylor,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

BLOODWORTH, J.   Plaintiff in error was indicted and tried for manufacturing intoxicating liquor. The jury found the accused guilty of attempting to manufacture intoxicating liquor. A new trial was refused and he excepted. On the trial it was shown that an officer saw the defendant "at a spring washing a copper still." This was about 50 or 75 yards from where there were a "still furnace" and two barrels of beer. The beer was "working" and "was intoxicating." The accused ran when he saw the officer. This officer testified: "I do not know whether this still John [the accused] was washing had ever been in that furnace or not. I do not know whether John had anything whatever to do with that beer up that path. I do not know whether John ever made

Criminal Law, 16 C. J. p. 114, n. 20.

Intoxicating Liquors, 33 C. J. p. 758, n. 81.

any whisky or not. I do not know where he got the still he was in possession of or what he was going to do with it. . . All I know is I saw John in possession of the still, and I do not know that it had any connection whatever with the manufacturing of whisky." Under the foregoing facts the plaintiff in error could not have been legally convicted of attempting to manufacture the beer which at that time was intoxicating and which was at the still furnace. He is not shown to have had anything to do with the preparation of the beer; nor could he be legally convicted of attempting to manufacture liquor with the copper still. Even if it was intended to use the still in manufacturing intoxicating liquor, his merely washing it, when from 50 to 75 yards away from the still furnace and the beer, shows nothing more than "an act merely preparatory to the commission of the crime," and not an act "proximately leading to its consummation." This act does not show an actual effort to carry the purpose of manufacturing intoxicating liquor into execution. It does not show any "overt act done towards the consummation of the attempt." *Moss* v. *State,* 6 *Ga. App.* 524 (65 S. E. 300); *Wilburn* v. *State,* 22 *Ga. App.* 613, 615 (97 S. E. 87), and cit. See, in this connection, *Leverett* v. *State,* 20 *Ga. App.* 748 (93 S. E. 232).

As there is no evidence to support the verdict the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*