19560. COFFEE *v.* THE STATE.

DECIDED MAY .14, 1929.

*Walter Matthews,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

LUKE, J. The indictment in this case charges that W. P. Coffee "did . . attempt to manufacture . . spirituous liquors . . by then and there building a still-furnace and placing a still in said furnace, but was prevented from . . manufacturing such liquors by being intercepted by the officers." G. R. Mize testified in substance as follows: At about 1 o'clock on January 13, witness secreted himself at a place about seventy-five yards from a still located on a branch between a quarter and half a mile from defendant's house. Defendant approached the still and began tightening the hoops on a barrel. He then began doing some work on the top of the still, apparently on the hole for the still-cap. The still was on the furnace, and both "seemed to have been built that morning." There was a "flakestand," or trough, near the still. We here quote the witness's testimony: "He did not continue to work on the still when I got up to him . . I arrested him there. I prevented him, intercepted him and prevented him from doing the work . . He told me at different times after that . . that if I had let him alone three weeks he would have made out of it four or five hundred dollars. . . He was insisting that I wouldn't cut up his still, . . and I saw a wagon coming down the hill. . . Mr. Coffee commenced motioning for the man to go back, but he didn't pay no attention to him. He drove as near to the still as he could get with the wagon. That was in Haralson county." The wagon contained six or seven bushels of meal and some pine wood. The witness also swore that the defendant subsequently stated that "he was fixing to make some good whisky." The testimony of the other arresting officer is practically the same as that of Mize, and the strength of the State's case lies in the evidence of these two eye-witnesses.

"If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall, in cases where no provision is otherwise made in this Code, or by law, for the punishment of such attempt, be punished as follows," etc. Penal Code (1910), § 1066. "Between the preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made." The foregoing is a quotation from a California case (People v. Murray, 14 Cal. 159) in Groves v. State, 116 Ga. 516 (42 S. E. 755, 59 L. R. A. 598). This decision differentiates between mere preparation to commit an offense and an attempt to do so. Justice Fish, speaking for the court, states the test briefly and clearly in this language: "In order to constitute the offense of attempt to commit a crime the accused must do some act towards its commission. Commission means the act of committing, doing, or performing; the act of perpetrating. Webster's Dict. Mere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it." For instances of the application of the foregoing rule in cases similar to the one at bar, see Hartline v. State, 34 Ga. App. 224 (129 S. E. 123); Foster v. State, 37 Ga. App. 498 (140 S. E. 775.) See also brief in Groves v. State, supra. Under the foregoing authorities, we do not think that the evidence warranted the conviction of the defendant of an attempt to manufacture intoxicating liquor.

Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.