### 32077. TRAYLOR *v.* THE STATE.

MacIntyre, P. J. ■ "Acts merely preparatory for the commission of a crime, and not proximately leading to its consummation, do not constitute an attempt to commit the crime. *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598). 'Attempt' is more comprehensive than 'intent,' and implies both the purpose and an actual effort to carry the purpose into execution (*Smith* v. *State,* 126 *Ga.* 544, 546, 55 S. E. 475), and, in general, to constitute an attempt, there must be an act done in pursuance of the intent, and more or less directly tending to the com-

mission of the crime. *Groves* v. *State,* supra." *Leverett* v. *State,* 20 *Ga. App.* 748 (1) (93 S. E. 232). The evidence in the instant case clearly showed acts "proximately leading" to the consummation of the crime of manufacturing whisky, as charged in the accusation.

(*a*) There was some testimony tending to show that the crime had been not only attempted but consummated by the making of intoxicating beer by fermentation; but despite the inhibition of the Code against a conviction of an attempt to commit an offense when it shall appear that the offense attempted was actually perpetrated by the defendant in pursuance of such attempt (Code of 1933, § 27-2508), and notwithstanding the evidence that there were three 1000-gallon stills all full of beer, two of which were about ready to run and the third of which had just been filled up, and that the accused was apparently attempting to operate the still, the jury were not compelled to conclude that he had assisted in the making of the "fermented beer, about ready to run" but were authorized to find that he was then attempting to manufacture whisky; and they may have entertained a reasonable doubt that he had been interested in the making of "the fermented beer, about ready to run" discovered, or may have believed that he had but recently connected himself with the illicit enterprise and was attempting for the first time and with all the necessary equipment to engage in the manufacture of whisky. *Leverett* v. *State,* supra; *Summerville* v. *State,* 77 *Ga. App.* 106 (47 S. E. 2d, 830).

2. The evidence authorized the verdict finding the defendant guilty of an attempt to manufacture whisky.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JULY 16, 1948.

*Emmett Smith,* for plaintiff in error.
*Earl Staples, Solicitor,* contra.