34335. McCALL *v.* THE STATE.

Decided November 12, 1952.

*Raymond W. Martin,* for plaintiff in error.

*E. W. Fleming, Solicitor,* contra.

Townsend, J. (After stating the foregoing facts.) ▇ Special ground 13 of the amended motion for new trial assigns error on the charge of the court as follows: "I charge you, gentlemen, it is a violation of the law for anyone to have in his possession any part of distilling apparatus. You look to the evidence and see what the State has shown to you, what they found on the premises where this defendant lived, no matter whether complete or not, whatever it was, if it could be used together with other things for the manufacture of intoxicating liquor, then he would be guilty. He is not permitted to possess any of the apparatus for the manufacture of such intoxicating beverages." In special ground 10, error is assigned

on the following charge: "I charge you, gentlemen of the jury, that it is a violation of the law to manufacture any whisky in this county, and it is a violation of the law for anyone to have in his possession any apparatus or parts of apparatus for the manufacture of liquor."

In considering these portions of the charge, it is noted that Code § 58-209 provides: "It shall be unlawful for any corporation, firm or individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in section 58-201. When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same  .  .  the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." The gravamen of this offense is knowingly permitting or allowing anyone to have, possess, or locate any apparatus for the distilling or manufacturing of prohibited liquors on the premises of the defendant. It is not essential to show that the defendant has fee-simple title to the premises on which the apparatus is found, but it is essential to show that such premises are in his possession in the sense that they are under his custody and control. *Sims* v. *State*, 84 *Ga. App.* 753 (1) (67 S. E. 2d, 254), and cases cited; *Nally* v. *State*, 71 *Ga. App.* 742 (1) (32 S. E. 2d, 204). The undisputed evidence here showed that the premises belonged to the defendant's wife and she had legal title thereto; that the defendant and a grown stepson lived thereon; and that the defendant possessed a key to the smokehouse in the loft of which the apparatus for distilling liquor was discovered. This alone did not demand a verdict of guilty on the theory that the defendant, rather than his wife or stepson, possessed and controlled the premises. He therefore had a right to rely upon his sole defense, which was that the premises were not in his custody or control, but in that of his wife. The charge that, if the jury should find from the evidence that distilling apparatus was found on the premises where the defendant lived, he would be guilty of the offense, and that such possession would be his possession, was error as depriving him

of his sole defense, his contention being that, although he lived on the premises, they were not his, and were not in his custody or control. And while he did possess a key to the building in which the distilling apparatus was found, this alone, under the circumstances, was not conclusive, it not being shown that the owner and others living on the premises did not have equal access to it.

It was also error to charge that "it is a violation of law for anyone to have in his possession any apparatus" for manufacturing liquor, since, under this statute, it is not the mere possession, but possession on the land of the owner or person having control thereof, which is forbidden. *Day* v. *State*, 79 *Ga. App.* 662 (54 S. E. 2d, 668). While this portion of the charge was later corrected, the part which indicated that the defendant would be guilty if a distilling apparatus was found on property where he lived, regardless of whether he had custody or control thereof, was error requiring reversal.

■ Special grounds 1 through 7 complain of the admission of evidence that the arresting officers found sugar, jugs, sheet aluminum and poplar boards, all of which they identified as materials commonly used in setting up and operating distilling apparatus. The defendant brought the sugar onto the premises while the witnesses were there. This evidence was admissible for what light it might throw on the question of whether the "worm" found in the smokehouse was known by the defendant to be there, sugar and jugs being commodities used in the manufacture and handling of liquor. Also, there is evidence that aluminum and poplar boards are used in connection with the construction of a distilling apparatus. While this evidence is of slight probative value, it was properly admitted. Its weight is a matter for the determination of the jury.

■ Error is assigned in special ground 8 on failing to direct a verdict of acquittal, on the theory that the defendant could not be convicted of the offense if the property were in his wife's name. It is never error to fail to direct a verdict. *Byrd* v. *State*, 38 *Ga. App.* 682 (145 S. E. 478) ; *Towns* v. *State*, 39 *Ga. App.* 673 (148 S. E. 360). Also, ownership of property is not conclusive as to guilt or innocence, and proof that one is not the owner merely results in failing to establish a prima facie case of guilt under Code § 58-209.

■ The remaining special grounds assign error on the contentions of the State, the charging of Code § 58-209, and an excerpt from the charge, stating that "the main statute is against the owner of the premises." By this was meant, as must have been apparent to the jury, that the statute is directed primarily against the owner or person in possession of premises upon which distilling apparatus is found, and, although inaptly worded, this portion of the charge was favorable to the defendant rather than otherwise. Special grounds 9, 11, 12, and 14 are without merit. The general grounds are not here passed upon, as this case is to be tried again.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*