39398. BRIDGES v. THE STATE.

DECIDED JUNE 28, 1962—REHEARING DENIED JULY 19, 1962.

*Casey Thigpen*, for plaintiff in error.

*Thomas A. Hutcheson, Solicitor,* contra.

FRANKUM, Judge. ■ "Error, to be reversible, must be harmful, and where a charge, although error, is favorable to the defendant, it is not such as to bring about a reversal of the case." *McCall v. State,* 87 Ga. App. 185 (4), supra. The error in the charge complained of was favorable to the defendant for it required the testimony of the defendant's admitted associate to be corroborated when no such corroboration is necessary in

a misdemeanor case. See *Code* § 38-121. Accordingly, no harmful error is shown by the one special ground of the defendant's amended motion for new trial.

■ The major question in this case is where "preparations" end and "attempt" begins. In most instances it is a question of degree which will be a question for the jury under the facts and attendant circumstances, and, of course, each case must rest upon its own facts.

*Code* § 27-2507 provides, in part, as follows: "If any person shall attempt to commit a crime and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall, in cases where no punishment is otherwise provided for the punishment of such attempt, be punished as follows: . . ."

The Supreme Court, in *Groves v. State*, 116 Ga. 516, 517 (42 SE 755), laid down the following guide for distinguishing between mere preparation to commit a crime and an attempt to commit a crime: " 'In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparation can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case.' [Clark's Criminal Law (2d Ed.), 127] Citing Com. v. Peaslee, 177 Mass. 267, and Com. v. Kennedy, 170 Mass. 18. Mr. Bishop defines an attempt to be 'an intent to do a particular thing which the law, either common or statutory, has declared to be a crime, coupled with an act towards the doing, sufficient both in magnitude and in proximity to the fact intended, to be taken cognizance of by the law that does not concern itself with things trivial and small. Or, more briefly, an attempt is an intent to do a particular criminal thing, with an act towards it falling short of the thing intended.' 1 Bish. New Crim. L. § 728."

The evidence was sufficient on the question of "intent" on the part of the defendant to commit the crime of making intoxicating liquor. The defendant's companion testified that he was working for the defendant, and when he and the defendant were apprehended by the arresting officers they were "going

down there to run some liquor. . ." Thus the jury was authorized to conclude that the defendant had an intent to commit a particular crime, to wit: Make intoxicating liquor.

We are of the opinion that since there was evidence to show that the defendant owned the still, the jury was authorized to find that he erected it, put two barrels of mash at it, and just prior to the time they were arrested, he and his companion had in their possession "copper pipes," a cap to be connected to the still, and sugar—all for the purpose of being used to make intoxicating liquor. The jury was also authorized to conclude that these were overt acts leading toward the commission of the crime of making intoxicating liquor, but that the defendant and his companion were prevented from completing the crime of making intoxicating liquor because they were intercepted by the arresting officers. See *Harper v. State,* 94 Ga. App. 264 (94 SE2d 105); *Traylor v. State,* 77 Ga. App. 439 (48 SE2d 749). See also *Pierce v. State,* 40 Ga. App. 227 (149 SE 160).

The holdings in *Coffee v. State,* 39 Ga. App. 664 (148 SE 303), and *Hartline v. State,* 34 Ga. App. 224 (129 SE 123), are overruled insofar as they may conflict with what is held herein.

*Judgment affirmed. All the Judges concur, except Felton, C. J., Carlisle, P. J., and Nichols, P. J., who dissent.*

NICHOLS, Presiding Judge, dissenting. While I concur in the ruling in the first division of the majority opinion I must dissent from the second division and from the judgment of affirmance.

"Between the preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made." People v. Murray, 14 Cal. 159. The above was quoted approvingly in *Groves v. State,* 116 Ga. 516 (42 SE 755, 59 LRA 598).

There was evidence adduced that the still was owned by the defendant, that mash was located at the still ready to "run," that other items were needed to complete the operation and that the defendant and his admitted associate were carrying such needed items to the still and they were intercepted and arrested

as they approached the still. The associate, who had pleaded guilty to the same charge, testified that they were going to the still to make liquor when they were arrested. Such evidence was insufficient to authorize a conviction of an attempt to manufacture distilled liquor and showed, at most, a mere preparation to commit the crime. The cases of *Coffee v. State,* 39 Ga. App. 664 (148 SE 303); *Hartline v. State,* 34 Ga. App. 224 (129 SE 123); and *Foster v. State,* 37 Ga. App. 498 (140 SE 775) state the correct principle of law and should not be overruled.

I am authorized to say that Chief Judge Felton and Presiding Judge Carlisle concur in this dissent.