46123.   LOTT v. THE STATE.

WHITMAN, Judge. Michael T. Lott was convicted and sentenced for "possession of dangerous drugs." The appeal is from the denial of a motion for new trial.

1. There was no error in overruling the motion for new trial made on the general grounds as there is ample evidence in the record to support the verdict.

2. The trial judge charged the jury on the defense of entrapment.

The defendant enumerates this charge as error in the sense that the trial judge did not charge that entrapment was an affirmative defense with the burden of proof resting with the defendant. If the charge was erroneous, the appellant has not demonstrated how he was actually, or even theoretically, harmed thereby. Error must be harmful to constitute reversible error. *Bridges v. State,* 106 Ga. App. 363 (1) (126 SE2d 903); *McCall v. State,* 87 Ga. App. 185 (4) (73 SE2d 245).

3. Defendant argues that a ruling by the trial court restricted his right to a thorough and sifting cross examination. The defendant's brief on this point is related to his questioning by an employee of the State Department of Public Health, who testified that he was "supervisor in charge of drug identification system." On direct examination this witness stated he had identified the contents of a certain bag as marijuana, and further stated that marijuana is a "narcotic drug" at the time his analysis was made. He was asked on cross examination whether he would at the present time (the date of the trial) analyze the material as a narcotic. An objection was made and sustained with the court observing that the legislature had by law (which was in effect at the time of the alleged offense) defined "narcotic drugs" to include marijuana and he so limited the questioning. However, the trial court did allow the defendant to recall the witness and to cross examine him further as to whether or not marijuana is a narcotic drug in the terms of pharmocology. The witness stated it is not; that it acts on the body as a hallucinogenic as opposed to the general synonym for narcotic, which generally is painkiller.

We do not find that the defendant was deprived of a thorough and sifting cross examination in the particulars complained of.

4. There was testimony by a police officer, Louis Staples, that he and another officer, acting on information that a sale of marijuana was going to take place, had the defendant under surveillance; that he stopped the defendant's car as he drove away from the scene and arrested him; and that he was then taken to jail and a search warrant was obtained to search the defendant's car.

The defendant objected "to the witness's conclusion that he ob-

tained a search warrant to search the car on the ground that the search warrant and entries, etc., would be the highest and best evidence . . . I will ask the court to exclude that testimony unless he obtained a valid search warrant." The court responded: "I will leave it in subject to it being connected."

After further testimony by this and other witnesses, the defendant moved the court "to exclude the testimony of the witness . . . with reference to the attainment and use of a search warrant as not having been connected up and on the further ground that the search warrant itself would be the highest and best evidence of what it was and it is a conclusion of the witness."

The court ruled: "The court will sustain the objection."

The defendant's enumeration of error in this regard is that the court, while sustaining the objection, did not instruct the jury not to consider the testimony of the witness with reference to the attainment and use of a search warrant in connection with his investigation of the case.

Assuming the witness's testimony that he obtained a warrant to search the defendant's car was subject to objection on the grounds urged (i.e., the best evidence rule and conclusory), we think the trial court's action in immediately sustaining the renewed and recounted objection was sufficient notice to the jury. With the objection having been sustained and with the record showing that no evidence was produced by the use of the warrant, and there being no request to charge, the last above mentioned enumeration of error is without merit. In this connection see *National Life &c. Ins. Co. v. Roberts*, 60 Ga. App. 317 (3 SE2d 761), where it was held (p. 322) that: "It appears that the court excluded the testimony, but did not charge the jury to disregard it. This was sufficient in the absence of any request to charge. By excluding the testimony itself, the court told the jury they could not consider it. . ."

5. No demurrer to the indictment and ruling thereon appearing in the record, there is nothing in this regard for this court to rule upon.

6. The defendant enumerates as error, the following excerpt from the charge: "Now, Gentlemen, prior to July 1, 1970, the law of Georgia classified marijuana as a narcotic drug and if you find

beyond a reasonable doubt that this defendant did possess marijuana, then, that would be a possession of a narcotic drug according to the laws of Georgia in existence prior to July 1, 1970. I charge you that if you find beyond a reasonable doubt that this defendant on May 1, 1970, in Henry County, Georgia, did then and there unlawfully and with force and arms, did have, control and possess a narcotic drug known as marijuana, then in that event you would be authorized to find the defendant guilty."

It is argued that even though marijuana was defined as a narcotic at the time of the alleged offense and its unlawful possession was subject to punishment, the law was changed after the alleged offense such that at the time of trial marijuana was no longer classified as a narcotic, the effect of which was that the penalty for unlawful possession of marijuana had been reduced. Defendant urges that in view of these developments the new law with its lesser punishment should have been charged and that the trial court erred in not doing so.

There was no error. The date of the alleged offense was May 1, 1970. Prior thereto, by an Act approved March 20, 1970, the legislature amended (see Ga. L. 1970, p. 470) the Uniform Narcotic Drug Act by deleting marijuana as a "narcotic drug" and placed it with the dangerous drug category as a "depressant or stimulant drug," the unlawful possession of which was also a crime with prescribed punishment but less than the punishment prescribed for the unlawful possession of a "narcotic drug."

However, since the above amendment was merely "approved March 20, 1970" and did not expressly state a date when it was intended to become effective as law, it did not become effective as law until July 1, 1970. See *Code Ann.* § 102-111 (Ga. L. 1968, pp. 1364, 1365).

In summary, on May 1, 1970, the date of the alleged offense, marijuana was by law a "narcotic drug" with unlawful possession punishable as prescribed. At the time of trial marijuana was no longer a "narcotic drug" but was a dangerous "depressant or stimulant drug" with a less severe penalty for unlawful possession. But that fact did not enure to the defendant's benefit.

*Barton v. State,* 81 Ga. App. 810 (60 SE2d 173), and cits. The charge was not erroneous for the reasons assigned.

*Judgment affirmed. Eberhardt, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED APRIL 6, 1971—DECIDED MAY 17, 1971.

*J. Laddie Boatright,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.