## 51947. SASSOON v. THE STATE.

QUILLIAN, Judge.

Defendant Sassoon executed a check to a coin dealer in the amount of $3,103.39 for gold and silver coins. The check was made out on a company that had gone out of business approximately eight months earlier. Its account had been closed at that time. Defendant used the name "Peter Z. Vogelsong" when executing the check. The owner of the defunct company neither knew the

defendant, nor authorized him to execute checks upon the closed account. The check was returned by the bank with the notation, "account closed." Defendant did not return the coins or make restitution. He appeals his conviction for theft by deception. *Held:*

1. Defendant alleges the trial court erred in denying his motion to dismiss the indictment on the ground that he had been denied his right to a speedy trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution. We do not agree.

This incident occurred on March 6, 1974. Defendant was arrested by federal authorities on March 26, 1974 and placed in the Fulton County jail in connection with charges of unlawful transportation of falsely made and forged checks. He entered a plea of guilty in the United States District Court on June 27, 1974 and was sentenced to six years confinement. On July 11, 1974, he was transferred to the United States Penitentiary in Atlanta.

A detainer had been placed against defendant on or about March 28, 1974, while he was in the Fulton County jail. Defendant knew about this detainer. Although defendant was indicted by Clayton County authorities May 23, 1974, a detainer was not placed against him with U. S. authorities until March 5, 1975. He claims that this was the first time that he was aware of the indictment in Clayton County.

Defendant, appearing pro se, filed a motion to dismiss the indictment with the Superior Court of Clayton County on July 9, 1975, on the basis of deprivation of a "fair and speedy trial." After an oral hearing, the motion was denied. Defendant was brought to trial on September 24, 1975 — 18 months after his arrest *by federal authorities,* 16 months after indictment, 14 months after confinement in the federal penitentiary, but only a little more than 2 months after his motion to dismiss was filed with the trial court.

The Sixth Amendment guarantee of a speedy trial is made applicable to the states by the Fourteenth Amendment. Klopfer v. North Carolina, 386 U. S. 213 (1967). The fact that the defendant was confined in another jurisdiction, or another state, is not dispositive of a speedy trial issue. Smith v. Hooey, 393 U. S. 374 (1969).

"Upon [defendant's] demand, [the state] had a constitutional duty to make a diligent, good-faith effort to bring him before the [local] court for trial." Id. p. 383. Mr. Chief Justice Burger, in Dickey v. Florida, 398 U. S. 30 (1970), stated that "where petitioner was at all times available to the state and there was no valid excuse for the prejudicial delay, the judgment against petitioner must be vacated." Id. p. 36. Dickey affirmed the holding of Smith that the state had the duty to make a diligent and good-faith effort, *after demand by the defendant for trial.* Id. p. 37.

Review of the record reveals defendant never demanded a speedy trial. All that he filed with the trial court was a motion for dismissal based on the alleged denial of a speedy trial.

We find no merit in defendant's argument that he did not know that he had been indicted—thus wanted for trial until after the detainer was placed on him in the Atlanta penitentiary, March 5, 1975. He was aware of the earlier detainer placed on him while in the Fulton County jail. We note also that after the March 5 notification he took no action to demand trial, but waited four months to file a motion to dismiss.

We are aware that a great many accused seek to avoid confrontation with prosecutorial authorities as long as possible. See Dickey v. Florida, 398 U. S. 30, 37 (1970). This being so, if an accused desires immediate confrontation, the issue of speedy trial is brought sharply into focus by an accused who presses for an early confrontation with his accusers and with the state by demanding trial. Id. p. 38. It is the demand which triggers the application of Smith and Dickey. There being no demand for trial, Smith and Dickey are inapposite.

In Barker v. Wingo, 407 U. S. 514 (1972), the United States Supreme Court set forth four factors to consider in balancing the conduct of the defendant and of the prosecution on the issue of speedy trial: (1) length of delay, (2) reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. There is no transcript of the hearing on this motion. However, we can ascertain from defendant's brief and motion that his allegations of possible prejudice are nothing more than naked

assertions without supporting evidence. Although we are not aware of the reason for delay by Clayton County authorities for filing a detainer with the U. S. prison because of the absence of a transcript or a supporting brief, we are unconvinced that the passage of sixteen months after indictment before trial represents a denial of speedy trial, absent evidence of prejudice to defendant from delay (Murray v. Wainwright, 450 F2d 465 (5th Cir. 1971)), and absent any purposeful or oppressive delay on the part of the prosecution (United States v. Stein, 456 F2d 844 (2d Cir. 1972); United States v. Dunn, 459 F2d 1115 (DC Cir. 1972)), particularly, in the absence of a demand for trial. *Sanders v. State,* 32 Ga. App. 580 (208 SE2d 597); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760).

2. Defendant alleges that it was error for the trial judge to charge the jury under subsection (b) of Code Ann. § 26-1803 (Ga. L. 1968, pp. 1249, 1290), as it was not adjusted to the evidence and served only to confuse the jury.

The defendant was charged with the offense of "theft by deception" by obtaining certain described gold and silver coins with the intent of depriving the owner of that property, "by use of the following deceitful means and artful practice, *did create the impression* of an existing fact, to wit: *that payment would be made by check* No. 403 drawn on the account of The Hamlet Coiffeurs, *which was false and which the accused knew and believed to be false."* (Emphasis supplied.)

Code § 26-1803 provides in part that "[a] person commits theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of said property. A person deceives if he intentionally: (a) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; or (b) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed." The remaining subsections are not pertinent to this decision.

The principal distinction between subsections (a) and (b) being that (a) may be established by proving the accused created or confirmed a false impression held by

another—which is known to be false by the accused; whereas, subsection (b) can only be proved by showing that the accused failed to correct a false impression that he had previously created or confirmed.

In the instant case, the court first charged the jury in the exact language of the indictment that the defendant "did create the impression . . . which was false and which the accused knew and believed to be false. . ." This indictment is clearly laid under subsection (a) of Code § 26-1803. However, the court later charged the jury on the exact language of both subsections (a) and (b). This was error. See *Vickers v. State,* 124 Ga. App. 752 (186 SE2d 157). Although it was error, we do not find prejudicial error, because to prove subsection (a) the prosecution had to prove, as alleged in the indictment, that the defendant "did create the impression (that payment would be made by check No. 403) which was false and which accused knew and believed to be false." Under subsection (b) the prosecution had to prove that the defendant "previously created or confirmed" a "false impression" that the payment would be made by check No. 403, which he knew was false as he had created or confirmed the false impression, and in addition the prosecution had to prove that the defendant "failed to correct" such false impression. Accordingly, to prove subsection (b) the prosecution had to prove everything it had to prove in subsection (a) plus the additional element of defendant's "failure to correct" the false impression he created. Thus, defendant could not be harmed by making the prosecution prove everything it had to prove in subsection (a) plus the additional burden imposed by subsection (b). Error, to be reversible, must be harmful, and where a charge, although error, is favorable to the defendant, it is insufficient to cause reversal. *McCall v. State,* 87 Ga. App. 185 (4) (73 SE2d 245); *Bridges v. State,* 106 Ga. App. 363 (1) (126 SE2d 903); *Delta Corp. v. Knight,* 109 Ga. App. 3, 7 (5) (135 SE2d 56). Nor was it subject to the complaint that it confused or misled the jury, since the only effect it could possibly have had upon the jury was to require the state to prove an additional element to those enumerated in subsection (a). Cf. *Payne v. Norris,* 88 Ga. App. 850, 854 (2) (78 SE2d 351). We find no prejudice to defendant in

requiring the state to prove more than the indictment charged.

3. The remaining enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED MARCH 18, 1976.

Gerald Issac Sassoon, *pro se.*

*William H. Ison, District Attorney,* for appellee.