## 31910. BROOKS v. THE STATE.

JORDAN, Justice.

Appellant and Otis McClendon were jointly tried and convicted of murder and burglary. McClendon's conviction was affirmed in *McClendon v. State,* 237 Ga. 655 (229 SE2d 427) (1976). Appellant was sentenced to life and 15 years to run concurrently and appeals.

1. The first four enumerated errors all deal with the admissibility of a signed statement, allegedly made by the appellant. As was his co-defendant, appellant was a juvenile at the time the alleged statement was taken. The record reveals that appellant was approximately 16 years old at the time, and was living with his 76-year-old grandmother, his parents being deceased. Before the trial court allowed appellant's statement in evidence, a

lengthy Jackson-Denno hearing was conducted. The state presented evidence that both appellant and appellant's grandmother were advised of appellant's Miranda rights at two separate times; that appellant's grandmother was present when appellant gave his statement to the police; and that both appellant and his grandmother signed a written waiver of rights which had previously been read to them and which they both indicated they understood. Several witnesses were called by appellant's counsel to show that appellant, because of his youth and learning disabilities, and his grandmother, because of her age and infirmity, were unable to understand the significance of the rights, and were therefore unable to effect a valid waiver.

First of all, we note that the state's evidence would have supported a finding by the trial court that appellant and his guardian both were twice advised of appellant's constitutional rights and that the statement was taken in the presence of appellant's guardian. The analysis of the waiver question adopted in *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976), is therefore inapplicable here. In *Riley* there was "no evidence that appellant's mother was separately advised of appellant's rights." Id. at 127. We have carefully reviewed the transcript of the trial. The Jackson-Denno hearing on this issue covered some seventy-odd pages of the transcript and reveals that the trial court went to great lengths in an attempt to obtain all the available evidence that was relevant. The trial court's finding is not clearly erroneous, and will not be disturbed. *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

Appellant also advances the argument that the requirements of Code Ann. § 24A-1402 (a) were not complied with in this case, and that therefore the statement was obtained during an illegal detention and should have been excluded.

The facts in this case are not materially different than those which were present in *Williams v. State,* 238 Ga. 298 (1977), where a similar claim was rejected. There was no violation of the requirements of Code Ann. § 24A-1402 (a), and therefore the detention was lawful. *Williams v.*

*State,* supra.

The first four enumerations of error are all without merit, because the confession was properly admitted into evidence.

2. The remaining enumeration of error is that the appellant was denied the right to a speedy trial. This claim was also raised by appellant's co-defendant, McClendon, and found to be without merit because no showing was made that the delay was purposeful, oppressive or prejudicial. *McClendon v. State,* supra. It is argued here that, as to this appellant, prejudice did result from the delay in that, because of the passage of time, appellant was unable to: (1) recall and trace his physical location at the time of the crime in order to establish an alibi; (2) accurately relate to counsel the facts and circumstances surrounding the arrest and questioning; and, (3) accurately recollect the content of the statement made to police. The record reveals that the appellant testified in great detail as to the facts and circumstances which surrounded his questioning, even to the point of being able to quote statements made to him by the police. His lapse of memory was total however, in regard to the statement attributed to him. He did not deny making the statement — his constant response was that he "didn't know" whether he made the statement or not. In regard to alibi, appellant testified that he "believed he was at home" at the time the crime was committed. There is no indication that any witnesses, needed by the defense, were unavailable at trial because of the delay. This case is controlled by *McClendon v. State,* supra, because although appellant claims prejudice, he has made no showing of prejudice. The fifth enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

Submitted February 15, 1977 — Decided March 10, 1977.

*William S. Cain, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant*

*Attorney General,* for appellee.