## 54732. POWELL v. THE STATE.

WEBB, Judge.

The homicide occurred May 21, 1972, the indictment for murder was returned October 5, and the accused's trial that month ended by mistrial. Not until February, 1977, almost four and one-half years later, was the accused again tried, the result being a conviction for voluntary manslaughter and a ten-year sentence. Accused's plea in bar was overruled, and he enumerates that as error. Also,

he charges (1) that the verdict for voluntary manslaughter was contrary to the evidence, which supports either a finding of guilty of murder or a finding of not guilty because of justifiable homicide or self-defense; and (2) that the court erred in giving a charge on mutual combat.

1. A speedy trial is guaranteed an accused by the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and also Article I of the Constitution of this State. This right is fundamental and has existed from the time of the Magna Charta. In determining whether an accused has been denied his right to a speedy trial we are necessarily compelled to approach the issue on an ad hoc basis, and to weigh the conduct of both the prosecution and the accused. Some of the factors we should assess in determining whether an accused has been deprived of this right are: Length of delay, the reason for the delay, the accused's assertion of his right, and prejudice to the accused. Barker v. Wingo, 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101, 117) (1972); *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760) (1975); *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839) (1975); *Sanders v. State,* 132 Ga. App. 580, 582 (2) (208 SE2d 597) (1974).

Without question four years is a long time to await trial, but what were the reasons. At the time of his indictment in October 1972, and on his trial that month this accused had counsel. The uncontroverted record of the hearing on his plea in bar shows that immediately after the accused's first trial his then counsel became ill. The case was put on the docket repeatedly, and counsel for the accused repeatedly assured the district attorney that he was expecting to recover and be able to complete the trial of the case. The district attorney testified that not too long before counsel died in 1975 and just before the February term, accused's counsel told him that he had been paid more money and was representing the accused. After counsel's death, at the October 1975 term the accused's bond was forfeited when he did not show up for court. Subsequently the accused's new counsel notified the district attorney of his representation. The case was not tried in February 1976 because accused's counsel had a

case at that term in Berrien County which the district attorney elected to try. No jury for trial of criminal cases was impaneled for the October 1976 term, and the February 1977 term was the earliest that the case could have been placed on the trial docket. The district attorney further testified that the accused did come back "on some occasions when the case was on docket from 1972 until 1975, but he did not have counsel with him, and he did not have anyone who could represent him because Mr. Allen did represent him and Mr. Allen was sick — terminally ill with cancer, so there was no way to dispose of the case."

While an accused has no responsibility to assert his right to a speedy trial, his assertion of or failure to assert that right is a factor to be considered in an inquiry into the deprivation of the right. His assertion of that right would be entitled to strong evidentiary weight in determining whether he has been deprived of the right. His failure to assert the right to a speedy trial would make it difficult to prove that he was denied that right. Barker v. Wingo, 407 U. S. 514, at p. 532, supra. The accused here never made any demand for a speedy trial, not even after he had new counsel. *Sassoon v. State,* 138 Ga. App. 172, 174 (1) (225 SE2d 732) (1976).

There must be more than a mere claim of prejudice; it must be shown, and this the accused did not do. *Brooks v. State,* 238 Ga. 529, 531 (233 SE2d 783) (1977). Apparently the accused preferred to go along without trial. *Hughes v. State,* 228 Ga. 593 (1) (187 SE2d 135) (1972). The trial court did not err in denying the plea in bar.

2. The other enumerations of error may be considered together. Where there is evidence tending to show that the parties were engaged in mutual combat, it is error for the trial judge to fail to charge the law of mutual combat. "Mutual combat does not mean a mere fist fight or scuffle. It usually means an encounter with deadly weapons, in which the death of either or both of the parties is imminent. Such a combat must be mutual; both parties must be armed with deadly or dangerous weapons and have a mutual intention to use them." *Watson v. State,* 66 Ga. App. 242, 243 (17 SE2d 559) (1941). "Mutual combat exists where there is a fight with dangerous or deadly weapons, and when both parties are at fault and

are willing to fight because of a sudden quarrel." *Langford v. State,* 212 Ga. 364, 366 (93 SE2d 1) (1956). In this case the undisputed evidence shows that the accused had a deadly weapon, a loaded pistol, and the victim had a 20-inch ax handle. They had had a serious quarrel at the VFW earlier in the evening, both had been arrested and jailed and the deceased had wanted to be placed in the same cell with the accused. After release from jail the accused obtained a small pistol, and took his fiancee home. There was testimony that the accused had earlier said, following the VFW fight, that if the deceased messed with him any more he'd kill him. They did encounter each other again that night at the home of the mother of the accused's fiancee. Apparently there was a continuation of the earlier quarrel, and the shooting followed immediately. A charge on mutual combat was proper, and the evidence, while conflicting, authorized the verdict.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED OCTOBER 28, 1977.

*Fred L. Belcher,* for appellant.
*Vickers Neugent, District Attorney, Terry R. Barnick, Assistant District Attorney,* for appellee.