[Crim. No. 1380.   Fourth Dist.   Oct. 28, 1958.]

THE PEOPLE, Respondent, v. VERNON BATES ARCHIBALD, Appellant.

Thomas Whelan for Appellant.

Edmund G. Brown, Attorney General, William E. James, Assistant Attorney General, and Norman B. Peek, Deputy Attorney General, for Respondent.

COUGHLIN, J. pro tem.*—The defendant Vernon Bates Archibald was found guilty of the offense of attempt to burn property, a violation of section 451a of the Penal Code of California. From orders denying his motion for a new trial and placing him on probation he takes this appeal.

Perry Black, who operated a taxicab service in San Diego, had employed the defendant as a cab driver on two different occasions; each for a short period of time; each resulting in his discharge. The defendant's last employment was for a two-day period only, and he felt that he ''was fired in a sneaky sort of way.''

On July 15, 1957, at about 10:30 p.m., the defendant came to the cab company's office, which was located in a building owned by Black, and inquired of the dispatcher on duty whether a driver by the name of Clark was working that night. The defendant testified that, prior to this time, Clark had told him that he had been accused by Black of putting sugar in the gas tank of one of the cabs; and that this was not true. On receiving a negative reply to his inquiry from the dispatcher, and while the latter was busy answering a telephone call, the defendant disappeared. Around 11 o'clock on the same evening the dispatcher smelled gas fumes but attributed them to a passing car. No gasoline was kept on the property. Sometime after 12:15 a.m. on the same night, the dispatcher and two cab drivers, who had come into the office, smelled the odor of gasoline. They conducted a search of the premises. A very strong odor of gasoline, or kerosene, came from the ladies' rest room where they found ''crumpled up'' newspapers and

---

*Assigned by Chairman of Judicial Council.

various other types of paper scattered about; a cloth towel on the seat or tank of the toilet, which had the smell of gasoline on it; and a burned, but unlighted cigar butt on this toilet. Shortly thereafter, these men heard the sound of papers rattling coming from the vicinity of the ladies' rest room. They ran outside, onto a vacant lot adjoining the building, and saw the defendant standing at the air vent which opens directly over the toilet in this room; his right hand, with newspapers in it, was extended upward toward the vent. When asked what he was doing the defendant said he wanted to clean up the lot so picked the papers up off it and stuffed them into the rest room window. Later on he said he was angry with Black; that he stuffed the papers through the window because he thought Clark would find them and tell Black someone had been trying to burn out his place.

Among the materials picked up from the rest room floor was a piece of photographic paper rolled into a cone shape with what appeared to be cigar ashes in it; this paper was scorched in two places.

When searched, the defendant was carrying three books of matches. He said these were used to advertise his business.

The defendant lived near the cab company's office. He testified that, on the night in question, after talking to the dispatcher he went home; between 11:30 and 12 o'clock he left his room and went to a near-by liquor store; on his return he walked across the lot adjoining the company's building; noticed some papers on the lot; picked them up and stuffed them into the ventilator of the room which he thought was the men's rest room; that he returned to his apartment but left again and picked up some more papers which he had in his hand while standing at the ventilator when the cab driver approached him; that he had stuffed the papers in the ventilator just to play a prank on and to worry Black; he thought that when Black found the papers "in his rest room he would think . . . being of a suspicious type . . . that somebody was probably trying to burn his building down or something." He denied any intent to burn the building or that he put any gasoline, the towel, the cigar butt or anything else into the room, except the papers.

The grounds of appeal are: (1) the verdict is against law and the evidence in that there is no showing of specific intent to commit a crime or of any act other than mere preparation; (2) the district attorney was guilty of prejudicial misconduct; and (3) the court erred in decisions of law in admitting and

rejecting evidence and in refusing to give requested instructions.

■ "In order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished." (*People* v. *Gallardo*, 41 Cal.2d 57, 66 [257 P.2d 29]; *People* v. *Buffum*, 40 Cal.2d 709, 716 [256 P.2d 317]; *People* v. *Werner*, 16 Cal.2d 216, 221 [105 P.2d 927]; *People* v. *Miller*, 2 Cal.2d 527, 530 [42 P.2d 308]; *People* v. *Murray*, 14 Cal. 159, 160; *People* v. *MacDonald*, 24 Cal.App. 2d 702, 710 [76 P.2d 121]; *People* v. *Lyles*, 156 Cal.App.2d 482 [319 P.2d 745].) ■ It is contended that the evidence in the case at bar shows only preparation, and does not meet the requirements of the foregoing rule essential to a conviction. However, for the purpose of the offense under consideration, section 451a of the Penal Code has defined what may constitute the accomplishment of some appreciable fragment of the crime by providing that "The placing or distributing of any flammable, explosive or combustible material or substance, or any device in or about any building or property . . . in an arrangement or preparation with intent to eventually wilfully and maliciously set fire to or burn same, . . . shall, for the purposes of this act constitute an attempt to burn such building or property."

Defendant's animosity toward Black; the contradictory statements he made respecting his reason for putting the papers into the rest room; his testimony concerning his belief that Black, upon finding the papers, would think somebody was trying to burn his building down; together with the other evidence in the record sustain an inference that the defendant had stuffed a towel with gasoline upon it, together with a lighted cigar butt, as well as the crumpled papers, through the ventilator into the ladies' rest room with intent to set fire to the building. From the proof before it the jury was entitled to conclude that the defendant had committed the offense with which he was charged.

■ Upon interrogation of a witness by the district attorney, the court overruled an objection by the defendant and permitted an answer to the question whether, on an occasion about three years before, the witness had heard the defendant state that he was going to burn some lumber piled on the back of a neighbor's lot. The answer was in the affirmative. In his argument to the jury the district attorney referred to

this testimony as proof of the defendant's state of mind when he became angry at someone. The order of the court over-ruling defendant's objection and the conduct of the district attorney are cited as prejudicial error upon the ground that evidence of other crimes offered solely to prove criminal disposition is inadmissible. The testimony in question was evidence of a threat; not of another crime; no crime had been committed. The testimony was admissible on the issue of defendant's intent; in contradiction of his statement that he only was engaged in a prank; as "showing a peculiar or characteristic behavior pattern." (*People* v. *Cavanaugh*, 44 Cal.2d 252, 266 [282 P.2d 53]; *People* v. *Moore*, 48 Cal.2d 541, 546 [310 P.2d 969]; *State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 339 [240 P.2d 282].)

■ A witness named Jackson was called by the district attorney and, after making negative replies to questions whether the defendant had stated he was going to get rid of Black, or put Black out of business, the witness replied affirmatively to a question whether the defendant had stated he was going to take over Black's cab business. Asking the questions to which the witness gave negative answers is cited as prejudicial misconduct. The record establishes that the questions were asked in good faith. The district attorney's ineptitude in phraseology was not misconduct. The contention is without merit.

■ The court sustained objections to questions which solicited testimony (1) from the witness Clark, that Black had told him the defendant had put sugar in the gas tank of one of the cabs, and (2) from the defendant, concerning his version of a conversation between himself and a captain of the fire department. The contention that this was prejudicial error is unfounded. The statement from Black to Clark was immaterial to the defendant's case. The defendant's version of the conversation between himself and the captain was detailed in response to other questions.

■ The defendant also contends that the court erred in refusing to give two of his proposed instructions on the distinction between an attempt to commit a crime and preparation for the commission of the crime. Other instructions given fully cover the subject. ■ It "is not error to refuse a requested instruction if it has been covered by those already given." (*People* v. *Latona*, 2 Cal.2d 714, 727 [43 P.2d 260].) ■ However, complaint is made that no instruction advised the jury in the language of the proposed instruction that, before an attempt to commit a crime is established "some appreciable

fragment of the crime must have been accomplished'' and that ''if the evidence does leave lacking an appreciable fragment of the crime charged, which must have been performed before there would have been a setting fire to or the burning of the building in question, then your verdict in this case should be not guilty.'' The language in question, although selected from decisions expressing the general rule in attempt cases (*People* v. *Gallardo*, 41 Cal.2d 57, 66 [257 P.2d 29]), is inept to an instruction in this case. The court, among others, appropriately instructed the jury in the language of section 451a of the Penal Code that ''The placing or distributing of any flammable, explosive, or combustible material or substance, or any device in or about any building or property . . . in an arrangement or preparation with intent to eventually wilfully and maliciously set fire to or burn the same, or to procure the setting fire to or burning of the same shall, for the purposes of this act constitute an attempt to burn such building or property.'' The general language of the proposed instructions, requiring the jury to find the defendant not guilty if some ''appreciable fragment of the crime'' had not been accomplished, would have created confusion and rendered the charge uncertain. The term ''appreciable fragment of the crime'' would leave the jury without definition. The refusal to give the proposed instructions was proper.

The orders appealed from are affirmed.

Griffin, P. J., and Mussell, J., concurred.