Filed 5/1/23 P. v. Sanford CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095503 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF04465, 21CF04671) |
| v. | |
| SAMUEL SANFORD, | |
| Defendant and Appellant. | |

After the trial court found defendant Samuel Sanford guilty of attempted arson and resisting a peace officer, it imposed a sentence that included the three-year upper term on the attempted arson conviction. On appeal, defendant argues insufficient evidence supports his attempted arson conviction and the case must be remanded for resentencing because the trial court's imposition of the upper term sentence does not satisfy the new requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which took effect while his appeal was pending and applies retroactively to his case. We

1

conclude sufficient evidence supported defendant's conviction, and Senate Bill 567 is an ameliorative statute that applies retroactively to defendant's nonfinal case, but that any error in imposing the sentence was harmless. Thus, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

This appeal involves the joint sentencing in two cases. In case No. 21CF04465, defendant pleaded no contest to bringing methamphetamine into a jail facility. (Pen. Code, § 4573.5; statutory section citations that follow are found in the Penal Code unless otherwise stated.) Before defendant was sentenced, the prosecution charged him with attempted arson (§ 455, subd. (a)), resisting a peace officer (§ 148, subd. (a)(1)), and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)) in case No. 21CF04671. The prosecution also alleged defendant committed the attempted arson while he was released on bail or his own recognizance. (§ 12022.1.) The prosecution later dismissed the count charging possession of drug paraphernalia.

At trial, two witnesses testified for the prosecution. The first, a city park employee, testified she saw defendant in a park one morning. She saw defendant bent over a stump with an open flame. Defendant was holding the flame "towards the stump, like he was trying to light something on the stump on fire." Defendant did the same thing a "couple of times." She could not tell if defendant was using a lighter or just a lit match. The witness called police and continued to watch defendant. She was concerned defendant was going to start a fire on top of the stump, although she did not see if there was anything on top of the stump.

Police Sergeant John Sanzone testified he responded to a report of a man trying to start a fire in a local park. When he arrived at the park, he saw defendant crouched near a tree stump in a field holding an open flame. The flame was less than an inch from the ground. Sergeant Sanzone noted there was dry vegetation in the area. There was currently an active forest fire burning in the area and there had been a recent arson

2

nearby. The sergeant arrested defendant and found a lighter in his pocket. He also found a glass pipe for smoking methamphetamine.

The trial court found defendant guilty of attempted arson and resisting a peace officer and found true the enhancement allegation. At the sentencing hearing, the court noted it had read and considered the probation report, which noted defendant had received three felony convictions and three misdemeanor convictions since 2011. Defendant had served terms in state prison and had multiple probation and parole violations. Defense counsel acknowledged defendant's "prior history," but noted the offenses in the current case were drug related and asked defendant be placed in a treatment program. The prosecutor argued defendant had received ample opportunities to seek treatment and had a track record that included 12 separate violations during his most recent parole term.

In aggravation, the court found defendant had numerous prior convictions; had served prior prison terms; and his prior performance on probation and parole was unsatisfactory. The court found no mitigating factors. Thus, the court imposed the upper term of three years for the attempted arson conviction, for a total aggregate sentence of five years eight months.

DISCUSSION

I

*Insufficient Evidence*

Defendant argues there was insufficient evidence to support the specific intent of the attempted arson conviction because no evidence shows defendant was trying to light the vegetation on fire, rather than his methamphetamine pipe.

When considering a claim of insufficient evidence, we examine the entire record to assess whether any rational trier of fact could have found the defendant guilty beyond

3

a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Thus, "we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict. [Citation.]" (*Ibid*.)

Section 455 defines attempted arson, saying, "Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any structure, forest land or property, or who commits any act preliminary thereto, or in furtherance thereof, is punishable by imprisonment in the state prison . . . [¶] The placing or distributing of any flammable, explosive or combustible material or substance, or any device in or about any structure, forest land or property in an arrangement or preparation with intent to eventually willfully and maliciously set fire to or burn same, or to procure the setting fire to or burning of the same shall, for the purposes of this act constitute an attempt to burn such structure, forest land or property." " 'In order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished.' " (*People v. Archibald* (1958) 164 Cal.App.2d 629, 633.)

Adequate evidence supports the trial court's conclusion that defendant intended to set fire to the stump or other vegetation in the park. An eyewitness testified that she saw defendant holding an open flame close to a tree stump in the park, as if he was "trying to

4

light something on the stump on fire." Her testimony was corroborated by Sergeant Sanzone, who arrived shortly thereafter and saw defendant doing the same thing very close to the ground near dry vegetation. A trier of fact could reasonably conclude, based on defendant's continued efforts to hold an open flame near flammable objects, that he intended to start a fire. That defendant failed to do so in the observed time does not mean that he lacked the necessary intent. Nor does the fact that defendant could have been attempting to light a pipe to smoke methamphetamine; our task in substantial evidence review is not to determine whether there are alternative conclusions the trier of fact could have reached, but only whether the trier of fact's actual conclusion is reasonable. (*People v. Zamudio, supra*, 43 Cal.4th at p. 357.)

We are similarly unpersuaded by defendant's reliance on *People v. Carrasco* (2008) 163 Cal.App.4th 978 and *People v. Archibald*, *supra*, 164 Cal.App.2d 629. In both cases, the respective courts found sufficient evidence for attempted arson convictions, but neither set a floor for the amount or type of evidence required for such a conviction, and thus neither requires a contrary finding in this case. (*Carrasco*, at pp. 983-984; *Archibald*, at p. 633.) And neither case established a requirement of "statements" by defendant or proof of specific motive to find specific intent. We conclude substantial evidence supported the attempted arson conviction.

II

*Senate Bill 567*

Senate Bill 567 became effective January 1, 2022. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The bill introduced changes generally prohibiting a trial court from imposing an upper term sentence except where there are circumstances in aggravation of the crime that justify imposing the upper term, and the facts underlying those circumstances (1) have been stipulated to by the defendant, or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

5

(§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) An exception to this rule authorizes the court to consider defendant's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

We agree with the parties that Senate Bill 567 is retroactive and applies to this nonfinal case. The act provides an opportunity for defendant to receive a lesser penalty, and there is no indication the Legislature intended the act to apply prospectively only. (*In re Estrada* (1965) 63 Cal.2d 740, 746.)

The facts underlying the court's three findings for imposing the upper term for the attempted arson conviction (1) that defendant had numerous prior convictions (2) had served prior prison terms, and (3) had unsatisfactory performance on probation and parole -- were not found true by a trier of fact or stipulated to by defendant. Accordingly, applying Senate Bill 567 retroactively, it was error to consider those factors as supporting the imposition of an upper term sentence.

Notwithstanding the Attorney General's concession that this error requires remand, we conclude any error is harmless.

Senate Bill 567 is now the statutory means by which California provides criminal defendants their Sixth Amendment right to a jury trial on upper-term sentencing factors. Defendant raises no Sixth Amendment violation here. He solely focuses on his state right under Senate Bill 567. To find harmless error for state law error, we apply the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*). Under that standard, "we must find that the trial [court] *would* have imposed the upper term sentence even absent the error. In particular, we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112.)

To apply this test, we ask two questions. For each aggravating fact, we must consider "whether it is reasonably probable that the [trier of fact] would have found the

6

fact not true. We must then, with the aggravating facts that survive this review, consider whether it is reasonably probable that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*People v. Zabelle*, *supra*, 80 Cal.App.5th at p. 1112.) "A reasonable probability . . . does not mean more likely than not; it means a reasonable chance and not merely a theoretical or abstract possibility. [Citations.]" (*People v. Woods* (2015) 241 Cal.App.4th 461, 474 [applying *Watson* standard to omission of instruction on lesser included offense].)

Defendant's criminal record was not subject to significant dispute. The probation report indicated defendant had received three felony convictions and three misdemeanor convictions since 2011, had been incarcerated in state prison for three of those convictions, and had been unsuccessful on probation and parole in that he had violated probation, parole, or community supervision 18 times. While we are mindful that defendant's incentive and opportunity to contest the probation report was "not necessarily the same as they would have been had the aggravating circumstances been tried to a jury," defense counsel acknowledged defendant's "prior history" at the sentencing hearing and did not respond when the prosecution pointed out defendant's poor performance under supervision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 839.) Moreover, none of these factors rested on a "somewhat vague or subjective standard," and it is thus unlikely a trier of fact would assess the facts differently. (*Id.* at p. 840.) We conclude there is not a reasonable probability the court or a jury would have found these facts not true.

Because these facts are the only facts the trial court relied on to impose the upper term, and the trial court found no mitigating circumstances, we have no doubt the trial court would have imposed the upper term had the facts been found true beyond a reasonable doubt. Therefore, we conclude any error here is harmless.

7

DISPOSITION

The judgment is affirmed.

                                                 _____

                                                      HULL, J.

I concur:

_____
ROBIE, Acting P. J.

MAURO, J., Concurring and Dissenting.

I fully concur in the majority opinion with the exception of part II, as to which I dissent. In part II, the majority concludes that although the imposition of the upper term sentence does not now comply with the amended statutory requirements of Penal Code section 1170, subdivision (b), the lack of statutory compliance is nevertheless harmless. I disagree.

The trial court sentenced defendant to the upper term without the benefit of Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended Penal Code section 1170, subdivision (b) to provide that a trial court may only impose an upper term sentence if aggravating circumstances are stipulated to by the defendant, have been found true beyond a reasonable doubt, or are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) I do not agree that the trial court's findings of aggravating circumstances were harmless given the current statutory requirements.

_____
MAURO, J.

1