Filed 6/26/25  P. v. Sanford CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C095503 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF04465, 21CF04671) |
| v. | |
| SAMUEL SANFORD, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

After the trial court found defendant Samuel Sanford guilty of attempted arson and resisting a peace officer, it imposed a sentence that included the three-year upper term on the attempted arson conviction.  Defendant appealed, arguing insufficient evidence supported his attempted arson conviction and the case must be remanded for resentencing because the trial court's imposition of the upper term sentence did not satisfy the new requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which took effect while his appeal was pending and applies retroactively to his case.

In an unpublished opinion, we affirmed the judgment, concluding  sufficient evidence supported defendant's conviction, and the trial court's consideration of the

1

aggravating circumstances, while inconsistent with Senate Bill 567's requirements, was harmless error.  (*People v. Sanford* (May 1, 2023, C095503) [nonpub. opn.].)  The California Supreme Court granted review, then ordered this court to vacate its decision and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).  Having done so, we will affirm defendant's conviction but remand the matter for a resentencing hearing.

## FACTS AND HISTORY OF THE PROCEEDINGS

This appeal involves the joint sentencing in two cases.  In case No. 21CF04465, defendant pleaded no contest to bringing methamphetamine into a jail facility.  (Pen. Code, § 4573.5; statutory section citations that follow are found in the Penal Code unless otherwise stated.)  Before defendant was sentenced, the prosecution charged him with attempted arson (§ 455, subd. (a)); resisting a peace officer (§ 148, subd. (a)(1)); and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)) in case No. 21CF04671.  The prosecution also alleged defendant committed the attempted arson while he was released on bail or his own recognizance.  (§ 12022.1.)  The prosecution later dismissed the count charging possession of drug paraphernalia.

At trial, two witnesses testified for the prosecution.  The first, a city park employee, testified she saw defendant in a park one morning.  She saw defendant bent over a stump with an open flame.  Defendant was holding the flame "towards the stump, like he was trying to light something on the stump on fire."  Defendant did the same thing a "couple of times."  She could not tell if defendant was using a lighter or just a lit match.  The witness called police and continued to watch defendant.  She was concerned defendant was going to start a fire on top of the stump, although she did not see if there was anything on top of the stump.

Police Sergeant John Sanzone testified he responded to a report of a man trying to start a fire in a local park.  When he arrived at the park, he saw defendant crouched near a

tree stump in a field holding an open flame. The flame was less than an inch from the ground. Sergeant Sanzone noted there was dry vegetation in the area. There was currently an active forest fire burning in the area and there had been a recent arson nearby. The sergeant arrested defendant and found a lighter in his pocket. He also found a glass pipe for smoking methamphetamine.

The trial court found defendant guilty of attempted arson and resisting a peace officer and found true the enhancement allegation. At the sentencing hearing, the court noted it had read and considered the probation report, which noted defendant had received three felony convictions and three misdemeanor convictions since 2011. Defendant had served terms in state prison and had multiple probation and parole violations. Defense counsel acknowledged defendant's "prior history," but noted the offenses in the current case were drug related and asked defendant be placed in a treatment program. The prosecutor argued defendant had received ample opportunities to seek treatment and had a track record that included 12 separate violations during his most recent parole term.

In aggravation, the court found defendant had numerous prior convictions; had served prior prison terms; and his prior performance on probation and parole was unsatisfactory. The court found no mitigating factors. Thus, the court imposed the upper term of three years for the attempted arson conviction, for a total aggregate sentence of five years eight months.

## DISCUSSION

### I

### *Insufficient Evidence*

Defendant argues there was insufficient evidence to support the specific intent of the attempted arson conviction because no evidence shows defendant was trying to light the vegetation on fire, rather than his methamphetamine pipe.

3

When considering a claim of insufficient evidence, we examine the entire record to assess whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Thus, "we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict. [Citation.]" (*Ibid.*)

Section 455 defines attempted arson, saying, "Any person who willfully and maliciously attempts to set fire to or attempts to burn or to aid, counsel or procure the burning of any structure, forest land or property, or who commits any act preliminary thereto, or in furtherance thereof, is punishable by imprisonment in the state prison . . . [¶] The placing or distributing of any flammable, explosive or combustible material or substance, or any device in or about any structure, forest land or property in an arrangement or preparation with intent to eventually willfully and maliciously set fire to or burn same, or to procure the setting fire to or burning of the same shall, for the purposes of this act constitute an attempt to burn such structure, forest land or property." " 'In order to establish an attempt, it must appear that the defendant had a specific intent to commit a crime and did a direct, unequivocal act toward that end; preparation alone is not enough, and some appreciable fragment of the crime must have been accomplished.' " (*People v. Archibald* (1958) 164 Cal.App.2d 629, 633.)

4

Adequate evidence supports the trial court's conclusion that defendant intended to set fire to the stump or other vegetation in the park. An eyewitness testified that she saw defendant holding an open flame close to a tree stump in the park, as if he was "trying to light something on the stump on fire." Her testimony was corroborated by Sergeant Sanzone, who arrived shortly thereafter and saw defendant doing the same thing very close to the ground near dry vegetation. A trier of fact could reasonably conclude, based on defendant's continued efforts to hold an open flame near flammable objects, that he intended to start a fire. That defendant failed to do so in the observed time does not mean that he lacked the necessary intent. Nor does the fact that defendant could have been attempting to light a pipe to smoke methamphetamine; our task in substantial evidence review is not to determine whether there are alternative conclusions the trier of fact could have reached, but only whether the trier of fact's actual conclusion is reasonable. (*People v. Zamudio, supra*, 43 Cal.4th at p. 357.)

We are similarly unpersuaded by defendant's reliance on *People v. Carrasco* (2008) 163 Cal.App.4th 978 and *People v. Archibald*, *supra*, 164 Cal.App.2d 629. In both cases, the respective courts found sufficient evidence for attempted arson convictions, but neither set a floor for the amount or type of evidence required for such a conviction, and thus neither requires a contrary finding in this case. (*Carrasco*, at pp. 983-984; *Archibald*, at p. 633.) And neither case established a requirement of "statements" by defendant or proof of specific motive to find specific intent. We conclude substantial evidence supported the attempted arson conviction.

II

*Senate Bill 567*

In our previous opinion, we concluded Senate Bill 567 applied retroactively to defendant's nonfinal judgment. (*Sanford*, *supra*, C095503.) Remand for resentencing was not required, however, because it was not reasonably probable the trial court would

5

have found not true the factors it relied on to impose the upper term. (*Ibid.*) The California Supreme Court ordered this court to reconsider defendant's request for resentencing in light of *Lynch*, *supra*, 16 Cal.5th 730. The parties filed supplemental briefs. We conclude we must reverse defendant's sentence and remand for resentencing in compliance with Senate Bill 567.

In *Lynch*, our Supreme Court explained, "[e]ffective January 1, 2022, [] section 1170, subdivision (b) (hereafter section 1170[, subdivision] (b)) was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citation.] Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction." (*Lynch*, *supra*, 16 Cal.5th at p. 742, fn. omitted.) This amendment has been uniformly applied retroactively to defendants whose judgments were not final on direct appeal at the time the statute took effect. (*Id.* at pp. 742, 746.)

"[A] court reviewing a case where the former version of section 1170[, subdivision] (b) was employed must apply the *Chapman* standard of review. [Citation.] Accordingly, in a case where the judgment is not yet final, a sentence imposed under former section 1170[, subdivision] (b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*Lynch*, *supra*, 16 Cal.5th at pp. 742-743; see also *id.* at p. 768.)

In addition, when the trial court imposed a sentence before the statute's 2022 amendment, as it did here, the appropriate remedy " 'is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same

6

conclusion "even if it had been aware that it had such discretion." ' " (*Lynch*, *supra*, 16 Cal.5th at p. 771.)  This requirement "must be satisfied *in addition to* a finding of harmlessness regarding any omitted factual finding" because "neither a *Chapman* nor a *Watson* review 'can adequately indicate that resentencing is *unnecessary* upon retroactive application of amended section 1170[, subdivision ](b).' " (*Id*. at p. 772.)  Our high court has cautioned that in applying the "clearly indicates" standard, " 'it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.' " (*Id*. at p. 776.)

Here, the facts underlying the court's three findings for imposing the upper term for the attempted arson conviction -- (1) that defendant had numerous prior convictions, (2) had served prior prison terms, and (3) had unsatisfactory performance on probation and parole -- were not found true by a trier of fact or stipulated to by defendant. Accordingly, applying Senate Bill 567 retroactively, it was error to consider those factors as supporting the imposition of an upper term sentence.

Assuming, without deciding, the error was harmless under *Chapman*, however, the record does not "provide a clear indication of what" the trial court would have done had it understood the scope of its discretion.  (*Lynch*, *supra*, 16 Cal.5th at p. 776.)  Although the trial court weighed the aggravating circumstances and found no mitigating circumstances, it did not provide any "definitive statements . . . to clearly indicate it would not impose a lesser sentence under any circumstances." (*Id*. at p. 777 [citing statements that trial court was aware of upcoming legislation or that defendant was " 'deserving [of] the ultimate sentence' " as examples of "definitive statements" as to sentencing].)

The People point to the trial court's general denial of probation and the lack of mitigating circumstances as clear indices the trial court would impose the upper term sentence on remand.  But our Supreme Court rejected similar reasoning in *Lynch*, noting that although the trial court "found eight circumstances in aggravation and none in

7

mitigation," a trial court's statements about the " 'length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers.' " (*Lynch*, *supra*, 16 Cal.5th at p. 777.) As such, the matter must be remanded for resentencing.

## DISPOSITION

Defendant's conviction is affirmed. The sentence is reversed and the matter remanded to the trial court for full resentencing, further litigation of the aggravating circumstances, and for the trial court to exercise its discretion under the current section 1170, subdivision (b).

 

 

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

MAURO, J.